IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**RAMACO RESOURCES, LLC,**

    **Plaintiff,**

v.                                         **Case No.:  2:19-cv-00703**

**FEDERAL INSURANCE COMPANY, and
ACE AMERICAN INSURANCE COMPANY,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff's Motion to Compel Defendants to Designate a Representative and Sit for a Rule 30(b)(6) Deposition. (ECF No. 111). Defendants have filed a response in opposition to the Motion, (ECF No. 125), and Plaintiff has replied. (ECF No. 128). The Court does not find that oral argument on the Motion is necessary. For the reasons that follow, the Court **GRANTS** the Motion to Compel.

This case involves the collapse of a raw coal silo on Plaintiff's property and the subsequent denial of insurance coverage by Defendants. During the Rule 26(f) meeting, the parties could not agree on the total number of depositions each side was allowed to take. Defendants wanted to limit depositions to the ten permitted by the federal discovery rules, while Plaintiff advocated for 15 depositions per side. The matter was not resolved, but discovery ensued nonetheless. Now, as the parties approach the end of discovery, Plaintiff seeks to take a Rule 30(b)(6) deposition of each Defendant. Defendants object, arguing that Plaintiff has already taken ten depositions and has failed

to provide good cause to expand the number beyond what is allowed by the discovery rules.

While discovery rules are accorded broad and liberal construction, discovery is not limitless. *McDougal-Wilson v. Goodyear Tire & Rubber Co.,* 232 F.R.D. 246, 249 (E.D.N.C. 2005). As such, the court is often asked to balance the right of one party to fully and thoroughly develop each aspect of its case against the right of the adverse party to be protected from oppression and undue burden and expense. Here, the undersigned finds that Plaintiff's right to "box in" the position of the corporate defendants on key matters carries more weight than Defendants' right to have two less depositions. The issues in this case are more complex than a simple coverage question and involve a fairly uncommon triggering event, competing engineering opinions, and a greater than average number of actors. Consequently, two depositions in excess of the ten-deposition limit is reasonable. Although Plaintiff has taken depositions of Defendants' representatives and engineers, deposing an individual in his personal capacity is simply not the same as deposing an individual who has been designated to speak on behalf of the corporation. *United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C. 1996) (Stating that when a corporate employee testifies in his individual capacity, he provides only his personal knowledge, perceptions, and opinions; when a 30(b)(6) designee testifies, he provides the knowledge, perceptions, and opinions of the corporation). For that reason, Plaintiff may proceed with two additional depositions—one Rule 30(b)(6) deposition of each Defendant. The 12-deposition limit shall apply to both sides in this litigation.

The undersigned is mindful that "Rule 30(b)(6) explicitly requires [the entity] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or

reasonably available to [the entity] in preparation for the Rule 30(b)(6) deposition." *Id.* at 362. The designee should be prepared to give knowledgeable and binding answers on behalf of the entity, including answers regarding matters beyond those personally known to the designee and in which that designee was directly involved. *Id.* at 361. Given the heavy burden on a corporation to prepare its Rule 30(b)(6) designee, the notice of deposition must be significantly detailed and focused in setting out the topics to be covered at the deposition.

Defendants objects to the number and breadth of the topics set forth in Plaintiff's Notices of Rule 30(b)(6) Deposition. The Court agrees with Defendants that the Notices, as written, are too broad and not sufficiently particularized. At this stage of the litigation, Plaintiff should be able to substantially limit the topics to be covered at the depositions and be able to narrow the issues to be addressed. Therefore, the parties are **ORDERED** to promptly meet and confer to determine how the Notices of Deposition can be tailored to the significant issues requiring corporate testimony. If, at the end of business on **Tuesday**, the parties continue to disagree about the parameters of the depositions, they shall contact the undersigned's chambers to schedule a telephone conference to take place on **Wednesday, August 12, 2020**. In discussing this matter, the parties *may* agree that certain testimony already given by Defendants' employees and representatives can be adopted by Defendants as their official position on certain matters. Such testimony should be specifically identified and expressly adopted by Defendants in a separate writing.

Because the number of depositions permitted to be taken was not resolved prior to the filing of the motion, and both parties had a legitimate position, Plaintiff's motion for fees and costs is **DENIED**.

The Clerk is directed to provide a copy of this Order to counsel of record.

                              **ENTERED:**  August 6, 2020

                              _____
                              Cheryl A. Eifert
                              United States Magistrate Judge