IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**RAMACO RESOURCES, LLC,**

    **Plaintiff,**

v.                                                        Case No.:  2:19-cv-00703

**FEDERAL INSURANCE COMPANY, and**
**ACE AMERICAN INSURANCE COMPANY,**

    **Defendants.**

**MEMORANDUM OPINION and ORDER**

Pending is the Motion of Ramaco Resources, LLC ("Ramaco") to Compel Documents Improperly Withheld by Defendants' Non-Reporting Experts under Rule 26(a)(2)(C). (ECF No. 122). Defendants have filed a response in opposition to the Motion, and Ramaco has submitted a reply memorandum. (ECF Nos. 139, 140). For the reasons that follow, the Court **GRANTS,** in part, and **DENIES**, in part, the Motion.

I.   **Relevant Background**

Ramaco's Motion seeks any documents and information, including communications with counsel, that were reviewed, considered, relied upon, or rejected by three witnesses—Dr. Glenn Rentschler, Robert Warke, and Dr. Steven Alstadt. Dr. Rentschler, Mr. Warke, and Dr. Alstadt (collectively the "engineers") are engineers employed by Wiss, Janney, Elstner Associates, Inc. ("WJE"). In response to an insurance claim submitted by Ramaco, Defendants hired WJE to investigate the collapse of a coal storage silo on Ramaco's property. Dr. Rentschler and Mr. Warke issued a report on January 4, 2019, concluding that the silo's collapse was due to corrosion, which resulted

1

in Defendants denying Ramaco's insurance claim. After the initial report, two follow-up reports were issued by WJE—one in June 2019 and one in August 2019. Dr. Rentschler and Mr. Warke were signatories to both follow-up reports, while Dr. Alstadt signed only the third and final report.

On June 1, 2020, Defendants filed Rule 26 Expert Disclosures. (ECF No. 122-1). Defendants specifically identified Dr. Rentschler, Mr. Warke, and Dr. Alstadt as witnesses not required to provide a written report under Federal Rule of Civil Procedure 26(a)(2)(C). (*Id.* at 5-9). All three engineers were designated to testify regarding the cause of the silo's collapse and the investigation conducted by WJE. They were expected to opine that the silo collapsed due to corrosion, and to testify in keeping with the three reports issued by WJE in 2019. (*Id.*).

On June 15, 2020, Ramaco served Defendants with a Third Set of Requests for Production of Documents, seeking communications, documents, and materials provided to, used by, reviewed, considered by, received, or reflected upon by the engineers, including communications with Defendants' counsel, regardless of whether the materials were ultimately rejected by the witnesses. (ECF Nos. 122-10, 122-11). On June 30, 2020, Defendants filed a Supplemental Rule 26 Expert Disclosures, which was intended to add to, but not replace or supersede, Defendants' prior expert disclosure. (ECF No. 122-12). In this disclosure, Defendants identified the engineers as expert witnesses required to file a report under Federal Rule of Civil Procedure 26(a)(2)(B). (*Id.* at 5-10). Defendants indicated that the engineers would testify "concerning allegations, statements, assertions, and opinions made by Ramaco and Ramaco's witnesses, Vincent J. King, Frank A. Mamone of SEI, and Michael E. Stevenson, relating to the WJE investigation and conclusions." Defendants provided Ramaco with written reports from each witness dated

2

June 30, 2020. (*Id.*). As such, the engineers were identified as retained expert witnesses *to rebut* Ramaco's expert opinions concerning the quality of the investigation conducted by WJE and its related conclusions.

On July 15, 2020, Defendants responded to Ramaco's Third Set of Requests for Production of Documents. (ECF Nos. 114, 122-13). Defendants answered requests seeking documents and communications exchanged before the third WJE report issued in August 2019, but objected to the remaining requests on the ground that the engineers were expert witnesses under Rule 26(a)(2)(B) and, thus, Ramaco was precluded from discovering any documents and communications that occurred after litigation ensued, except to the extent that they fell within the exceptions set out in Federal Rule of Civil Procedure 26(b)(4)(C). (ECF No. 122-13). After attempting to resolve this dispute, Ramaco filed the instant Motion.

## II.   **Motion and Response**

Ramaco contends that Defendants waived all applicable privileges and protections regarding information—including communications with Defendants' attorneys— reviewed, used, or considered by the engineers when Defendants identified them as experts not required to provide a report under Rule 26(a)(2)(C). Consequently, Defendants' subsequent attempt to shield those documents by also designating the engineers as retained experts under Rule 26(a)(2)(B) was unavailing. Ramaco points out that Defendants did not disclose the engineers as Rule 26(a)(2)(B) experts until after Ramaco requested the additional documents, presumably to thwart discovery. Ramaco argues that Defendants elected to designate the three engineers as experts under Rule 26(b)(2)(C) on June 1, 2020, making all of the requested documents available for discovery, precluding Defendants from claiming otherwise simply because they also later

3

designated them as experts under Rule 26(b)(2)(B). Ramaco asks the Court to compel Defendants to produce the requested documents for the period prior to the date on which the engineers were identified as rebuttal experts witnesses required to provide a report.

In response, Defendants argue that they retained the engineers to render trial opinions on February 28, 2020. Therefore, any documents and materials generated after that date are subject to the limitations found in Federal Rule of Civil Procedure 26(b)(4)(C). Defendants indicate that they have produced all materials related to the engineers' "pre-litigation" work, but should not be compelled to produce communications related to their work as retained experts.

### III. Discussion

At issue in this discovery dispute is whether Federal Rule of Civil Procedure 26(b)(4)(C) protects from discovery attorney communications with an expert witness who plays a dual role in the case. The parties agree that there are two categories of expert witnesses recognized under Federal Rule of Civil Procedure 26(a)(2)—one category includes witnesses that are retained or specially employed to provide expert opinions at trial under Fed. R. Civ. P. 26(a)(2)(B), while the other category includes witnesses that are not retained or specially employed for litigation, but are "percipient" witnesses who also happen to be experts under Fed. R. Civ. P. 26(a)(2)(C). *In re Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:12-CV-4301, 2014 WL 186872, at *9 (S.D.W. Va. Jan. 15, 2014). Expert witnesses designated under Rule 26(a)(2)(B) are required to submit a detailed written report of the opinions they intend to offer at trial, while witnesses designated under Rule 26(a)(2)(C) are not required to submit a written report. "The distinguishing characteristic between expert opinions that require a report and those that do not is whether the opinion is based on information the expert witness acquired through

4

percipient observations or whether, as in the case of retained experts, the opinion is based on information provided by others or in a manner other than by being a percipient witness to the events in issue." *Id.* (quoting *U.S. v. Sierra Pac. Indus.*, CIV S–09–2445 KJM EF, 2011 WL 2119078, at *4 (E.D. Cal. May 26, 2011)).

    Federal Rule of Civil Procedure 26(b)(4)(C) addresses the protections available to attorney communications with expert witnesses. In particular, Rule 26(b)(4)(C) protects from discovery, subject to a few exceptions, attorney communications with "reporting" experts designated under Rule 26(a)(2)(B), but does not afford the same protection to "hybrid non-reporting" experts designated under Rule 26(a)(2)(C). *Sierra Pac. Indus.*, 2011 WL 2119078, at *7 ("It is clear that [Rule 26(b)(4)(C)] neither created a protection for communications between counsel and non-reporting experts witnesses, nor abrogated any existing protections for such communications."). Indeed, some courts have taken the position that the designation of a witness as a non-reporting expert generally waives applicable privileges for all communications between the expert and the designating party's attorney. *See e.g. Luminara Worldwide, LLC v. Liown Electronics Co. Ltd.*, No. 14-3103 (SRN/FLN), 2016 WL 6914995, at *6 (D. Minn. May 18, 2016). Other courts, however, have declined to find an automatic and complete waiver, notwithstanding their acknowledgment of the difference in treatment between the two types of experts under Rule 26(b)(4)(C). *United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, No. 1:06CV433-HSO-RHW, 2019 WL 6792774, at *2–3 (S.D. Miss. Dec. 12, 2019).

    Here, Defendants have identified the same three engineers as both "reporting" experts and as "hybrid non-reporting" experts. Ramaco contends that because the engineers are designated as hybrid experts, their communications with counsel are not entitled to any protection under 26(b)(4)(C). At most, Ramaco concedes, any protection

available under the Rule covers only those communications that occurred after Defendants retained the engineers to be reporting experts. Ramaco asserts that Defendants did not retain the engineers in that capacity until some point after June 1, 2020, because on June 1, the engineers were designated only as hybrid expert witnesses.

Defendants agree that attorney communications with the engineers, which occurred prior to their retention as reporting experts, is not protected under Rule 26(b)(4)(C). Defendants indicate that those materials have, in fact, already been provided to Ramaco. However, Defendants supply an affidavit signed by Dr. Rentschler, confirming that the engineers were employed for the purpose of providing expert testimony in this litigation on February 28, 2020. Defendants insist that once the engineers were retained as reporting experts in a "post litigation" role, any communications with them is entitled to protection from disclosure under the Rule. Defendants also attempt to distinguish the engineers' role as "consulting experts" for some period of time after the institution of litigation and before their disclosure as reporting experts; however, that argument is a non-starter, because the engineers were disclosed as experts. Rule 26(b)(4)(D), which protects communications with "consulting experts," applies only to those experts that ***are not expected*** to testify at trial. In view of the integral role played by the engineers in the events leading up to litigation, their trial testimony was likely from the outset of the case.

Having considered the relevant case law, of which admittedly there is little on point, the undersigned concludes that the date on which the engineers were retained to provide rebuttal opinions to Ramaco's expert testimony is not the determinative factor in resolving the parties' dispute; particularly, as the engineers remain designated as hybrid witnesses in Defendants' case-in-chief. Rather, given that the engineers have been

identified as experts regarding two distinct topics—one being the original investigation and WJE's conclusions, and the second being the validity of Ramaco's expert opinions criticizing WJE's investigation and conclusions—the key consideration is **which of the two topics** form the basis of the communications in dispute. *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 500 (D. Md. 1997) (Recognizing that "[a] witness can be a hybrid witness as to certain opinions, but a retained expert as to others."). While the court in *Sullivan* did not consider the issue present in this case, the *Sullivan* decision is instructive, because it recognizes the dual role that an expert witness can play. An expert witness can offer opinions based on his or her own personal involvement in some aspect of the case, but can also supply expert opinions on subject matter beyond the witness' personal involvement, making that witness both a hybrid expert and a retained expert. For example, when a party's treating physician is "specially retained or employed to render a medical opinion based upon factors that were not learned in the course of the treatment of the patient." *Id.* In such a case, communications with the physician regarding his or her treatment-based opinions is not protected under Rule 26(b)(4)(C), while communications regarding his or her additional opinions, derived from materials not used in treatment but rather supplied by an attorney, is protected under the Rule.

As hybrid expert witnesses designated to testify about WJE's investigation and resulting conclusions regarding the collapsed silo, the engineers are afforded no special protection under Rule 26(b)(4)(C) for their communications with counsel. Accordingly, communications related to those topics, regardless of when the communications occurred, are subject to discovery, unless some other applicable privilege or protection is asserted. Defendants have not raised any other privilege or protection to shield the communications; accordingly, the Motion to Compel is **GRANTED** to the extent that

there are communications and documents exchanged, reviewed, received, examined, considered, relied upon, or rejected by Dr. Rentscher, Mr. Warke, or Dr. Alstadt in his role as a hybrid expert designated under Rule 26(a)(2)(C).

In contrast, to the extent communications and documents exists that bear solely on the role of Dr. Rentscher, Mr. Warke, or Dr. Alstadt as a retained expert witness designated under Rule 26(a)(2)(B) to rebut the opinions of Ramaco's experts, the Motion to Compel is **DENIED.** Certainly, documents or communications before February 28, 2020, the date on which the engineers were retained to provide expert testimony, are presumed to be discoverable. Nonetheless, simply because a document was prepared, or a communication occurred, after February 28, 2020 does not mean that information therein is shielded from discovery under Rule 26(b)(4)(C). The subject matter of the document or communication will govern its availability for production.

Ramaco's motion for reimbursement of reasonable fees incurred in bringing the motion to compel is **DENIED.** The discovery dispute raised some novel issues, and neither party was entirely successful.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to counsel of record.

**ENTERED:** September 3, 2020

Cheryl A. Eifert
United States Magistrate Judge