## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**RAMACO RESOURCES, LLC,**

　　　　**Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　**Case No.:  2:19-cv-00703**

**FEDERAL INSURANCE COMPANY, and**
**ACE AMERICAN INSURANCE COMPANY,**

　　　　**Defendants.**

### <u>MEMORANDUM OPINION and ORDER</u>

Pending is Ramaco's Motion to Deem Requests for Admission Admitted or, in the Alternative, to Compel Adequate Responses. (ECF No. 131). Defendants filed a response in opposition to the Motion to which Ramaco replied. (ECF Nos. 142, 144). For the reasons that follow, the Court **GRANTS** the Motion to the extent that it seeks an order compelling adequate responses to the discovery requests, but it **DENIES** Plaintiff's request to deem the matters admitted.

## I.　　<u>Relevant Background</u>

Plaintiff's amended complaint contends that a silo containing approximately 800 tons of raw coal collapsed on its property on November 5, 2018, resulting in significant business interruption and other losses. (ECF No. 14 at 2, 7-9). Defendants denied Plaintiff's insurance claim for the losses on the basis that the collapse was caused by corrosion, a peril which was excluded under Plaintiff's policy. Plaintiff filed suit against Defendants, alleging bad faith, breach of contract, and violations of the West Virginia Unfair Trade Practices Act. (ECF No. 1-1 at 5). Defendant Federal Insurance Company

("Federal") removed the case to this Court pursuant to the Court's diversity jurisdiction. (ECF No. 1). Plaintiff added Defendant Ace Insurance Company ("Ace") to the action on the basis that Ace allegedly participated in adjusting the insurance claim. (ECF No. 14 at 1).

## II.   **Motion and Response**

Following numerous discovery disputes in this matter, Plaintiff filed the present motion to deem certain requests for admission admitted or, in the alternative, to compel adequate responses to the discovery requests. (ECF No. 131). Plaintiff contends that it served on Defendants requests for admission, which asked if Defendants or their experts determined that various perils other than corrosion caused the loss at issue. (ECF No. 132 at 2). Plaintiff defined the perils based on the manner in which the terms were used in Defendants' affirmative defenses, which referenced definitions in Plaintiff's policy. Plaintiff argues that Defendants' responses to the requests were evasive and improper given the fact that Defendants and Defendants' experts unequivocally determined that corrosion caused the loss.

Fifteen requests for admission are at issue in the present motion. Plaintiff served substantively identical requests for admission on Federal and Ace, and the Defendants responded jointly as follows:

> REQUEST FOR ADMISSION NO. 21. Admit that Federal never determined that "acts or omissions," as that term is used in Your second affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.
>
> ANSWER: Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "acts or omissions" as that

phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

REQUEST FOR ADMISSION NO. 22. Admit that Federal never determined that "business errors," as that term is used in Your second affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

ANSWER: Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "business errors" as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

REQUEST FOR ADMISSION NO. 23. Admit that Federal never determined that "Inherent Vice/Latent Defect," as those terms are used in Your third affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

ANSWER: Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "Inherent Vice/Latent Defect" was the cause of loss, but Federal denies any implication that the "Inherent Vice/Latent Defect" provisions of the Federal Policy are inapplicable to the factual circumstances of the November 5, 2018 failure event. This includes, without limitation, because these provisions encompass or may encompass the factual determination that the cause of loss was corrosion, and these provisions encompass or may encompass one or more factual allegations made by Ramaco about the November 5, 2018 failure event. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing

objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

REQUEST FOR ADMISSION NO. 24. Admit that Federal never determined that "Planning, Design, Materials or Maintenance," as that term is used in Your fourth affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

ANSWER: Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "Planning, Design, Materials or Maintenance", as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

REQUEST FOR ADMISSION NO. 25. Admit that Federal never determined that "wear and tear," as that term is used in Your fifth affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

ANSWER: Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "wear and tear" was the cause of loss, but Federal denies any implication that the "Wear and Tear" provisions of the Federal Policy are inapplicable to the factual circumstances of the November 5, 2018 failure event. This includes, without limitation, because these provisions encompass or may encompass the factual determination that the cause of loss was corrosion, and these provisions encompass or may encompass one or more factual allegations made by Ramaco about the November 5, 2018 failure event. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

REQUEST FOR ADMISSION NO. 28. Admit that, prior to the commencement of this litigation, Federal had not determined that "acts or

omissions," as that term is used in Your second affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

ANSWER: Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "acts or omissions" as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

REQUEST FOR ADMISSION NO. 29. Admit that, prior to the commencement of this litigation, Federal had not determined that "business errors," as that term is used in Your second affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

ANSWER: Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "business errors" as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

REQUEST FOR ADMISSION NO. 30. Admit that, prior to the commencement of this litigation, Federal had not determined that "Inherent Vice/Latent Defect," as those terms are used in Your third affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

ANSWER: Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's

factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "Inherent Vice/Latent Defect" was the cause of loss, but Federal denies any implication that the "Inherent Vice/Latent Defect" provisions of the Federal Policy are inapplicable to the factual circumstances of the November 5, 2018 failure event. This includes, without limitation, because these provisions encompass or may encompass the factual determination that the cause of loss was corrosion, and these provisions encompass or may encompass one or more factual allegations made by Ramaco about the November 5, 2018 failure event. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

REQUEST FOR ADMISSION NO. 31. Admit that, prior to the commencement of this litigation, Federal had not determined that "Planning, Design, Materials or Maintenance," as that term is used in Your fourth affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

ANSWER: Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "Planning, Design, Materials or Maintenance", as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

REQUEST FOR ADMISSION NO. 32. Admit that, prior to the commencement of this litigation, Federal had not determined that "wear and tear," as that term is used in Your fifth affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

ANSWER: Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "wear and tear" was the cause of loss, but Federal denies any implication that the "Wear and Tear"

provisions of the Federal Policy are inapplicable to the factual circumstances of the November 5, 2018 failure event. This includes, without limitation, because these provisions encompass or may encompass the factual determination that the cause of loss was corrosion, and these provisions encompass or may encompass one or more factual allegations made by Ramaco about the November 5, 2018 failure event. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

REQUEST FOR ADMISSION NO. 34. Admit that, prior to the commencement of this litigation, Federal had not obtained an expert report that concluded that "acts or omissions," as that term is used in Your second affirmative defense, was the cause of loss with respect to Ramaco's insurance claim. For purposes of this request, "expert report" includes any opinion provided by any person or entity retained by Federal to investigate the cause of loss with respect to Ramaco's insurance claim, whether such opinion was rendered in writing or orally, formally or informally.

ANSWER: Federal objects to this request based on the definition of "expert report" because the definition provided is not the ordinary and customary use of the term "expert report" in litigation and under and in connection with the Federal Rules, specifically, and the request may accordingly result in a response that is prejudicial and/or misleading and/or subject to misinterpretation, and which may result in confusion. Federal construes this request to mean "engineering report." Responding further, Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion, and the three WJE engineers retained by Federal to investigate the November 5, 2018 failure event determined the cause of loss was corrosion. Federal admits that it therefore did not obtain an engineering report that determined that "acts or omissions" as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

REQUEST FOR ADMISSION NO. 35. Admit that, prior to the commencement of this litigation, Federal had not obtained an expert report that concluded that "business errors," as that term is used in Your second affirmative defense, was the cause of loss with respect to Ramaco's insurance claim. For purposes of this request, "expert report" includes any

opinion provided by any person or entity retained by Federal to investigate the cause of loss with respect to Ramaco's insurance claim, whether such opinion was rendered in writing or orally, formally or informally.

ANSWER: Federal objects to this request based on the definition of "expert report" because the definition provided is not the ordinary and customary use of the term "expert report" in litigation and under and in connection with the Federal Rules, specifically, and the request may accordingly result in a response that is prejudicial and/or misleading and/or subject to misinterpretation, and which may result in confusion. Federal construes this request to mean "engineering report." Responding further, Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion, and the three WJE engineers retained by Federal to investigate the November 5, 2018 failure event determined the cause of loss was corrosion. Federal admits that it therefore did not obtain an engineering report that determined that "business errors" as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

REQUEST FOR ADMISSION NO. 36. Admit that, prior to the commencement of this litigation, Federal had not obtained an expert report that concluded that "Inherent Vice/Latent Defect," as those terms are used in Your third affirmative defense, was the cause of loss with respect to Ramaco's insurance claim. For purposes of this request, "expert report" includes any opinion provided by any person or entity retained by Federal to investigate the cause of loss with respect to Ramaco's insurance claim, whether such opinion was rendered in writing or orally, formally or informally.

ANSWER: Federal objects to this request based on the definition of "expert report" because the definition provided is not the ordinary and customary use of the term "expert report" in litigation and under and in connection with the Federal Rules, specifically, and the request may accordingly result in a response that is prejudicial and/or misleading and/or subject to misinterpretation, and which may result in confusion. Federal construes this request to mean "engineering report." Responding further, Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's

factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion, and the three WJE engineers retained by Federal to investigate the November 5, 2018 failure event determined the cause of loss was corrosion. Federal admits that it therefore did not obtain an engineering report that determined that "Inherent Vice/Latent Defect" was the cause of loss, but Federal denies any implication that the "Inherent Vice/Latent Defect" provisions of the Federal Policy are inapplicable to the factual circumstances of the November 5, 2018 failure event. This includes, without limitation, because these provisions encompass or may encompass the factual determination that the cause of loss was corrosion, and these provisions encompass or may encompass one or more factual allegations made by Ramaco about the November 5, 2018 failure event. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

REQUEST FOR ADMISSION NO. 37. Admit that, prior to the commencement of this litigation, Federal had not obtained an expert report that concluded that "Planning, Design, Materials or Maintenance," as that term is used in Your fourth affirmative defense, was the cause of loss with respect to Ramaco's insurance claim. For purposes of this request, "expert report" includes any opinion provided by any person or entity retained by Federal to investigate the cause of loss with respect to Ramaco's insurance claim, whether such opinion was rendered in writing or orally, formally or informally.

ANSWER: Federal objects to this request based on the definition of "expert report" because the definition provided is not the ordinary and customary use of the term "expert report" in litigation and under and in connection with the Federal Rules, specifically, and the request may accordingly result in a response that is prejudicial and/or misleading and/or subject to misinterpretation, and which may result in confusion. Federal construes this request to mean "engineering report." Responding further, Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion, and the three WJE engineers retained by Federal to investigate the November 5, 2018 failure event determined the cause of loss was corrosion. Federal admits that it therefore did not obtain an engineering report that determined that "Planning, Design, Materials or Maintenance", as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion.

This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

REQUEST FOR ADMISSION NO. 38. Admit that, prior to the commencement of this litigation, Federal had not obtained an expert report that concluded that "wear and tear," as that term is used in Your fifth affirmative defense, was the cause of loss with respect to Ramaco's insurance claim. For purposes of this request, "expert report" includes any opinion provided by any person or entity retained by Federal to investigate the cause of loss with respect to Ramaco's insurance claim, whether such opinion was rendered in writing or orally, formally or informally.

ANSWER: Federal objects to this request based on the definition of "expert report" because the definition provided is not the ordinary and customary use of the term "expert report" in litigation and under and in connection with the Federal Rules, specifically, and the request may accordingly result in a response that is prejudicial and/or misleading and/or subject to misinterpretation, and which may result in confusion. Federal construes this request to mean "engineering report." Responding further, Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not obtain an engineering report that determined that "wear and tear" was the cause of loss, but Federal denies any implication that the "Wear and Tear" provisions of the Federal Policy are inapplicable to the factual circumstances of the November 5, 2018 failure event. This includes, without limitation, because these provisions encompass or may encompass the factual determination that the cause of loss was corrosion, and these provisions encompass or may encompass one or more factual allegations made by Ramaco about the November 5, 2018 failure event. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

(ECF No. 131-3 at 5-9, 11-14, 15-21).

Defendants argue that they responded to the requests for admission properly because the requests seek admission of both legal and factual issues. (ECF No. 142 at 1). According to Defendants, "[e]very request pairs the cause of loss with various policy

exclusions, and requires Defendants to respond by applying the policy language to Federal's causation determination." (*Id.* at 2). Defendants state that they responded to each request by admitting the factual determination that the cause of loss was corrosion, but they had to qualify their responses to the legal issues. Defendants argue that if all Plaintiff sought was Defendants' factual determination regarding the cause of loss, Plaintiff could have presented simple, straightforward requests. (*Id.*). Defendants hypothesize that Plaintiff instead referenced Defendants' affirmative defenses so that Plaintiff can move to exclude Defendants from relying on the defenses at trial. (*Id.* at 3). Defendants claim that their affirmative defenses may be applicable based on what theory of causation Plaintiff asserts at trial, and, in any event, two of the defenses relating to inherent vice/latent defect and wear and tear are applicable to the determination that the cause of loss was corrosion. (*Id.*).

In reply, Plaintiff argues that Defendants' position that the discovery requests ask Defendants to apply law to facts is untenable. Plaintiff provides the hypothetical example of an earthquake as an excluded peril. Plaintiff notes that, if the request asked Defendants to admit that they did not determine that an earthquake caused the loss, the request would concern a pure issue of fact, and that reality would persist regardless of whether the term "earthquake" appeared in an underlying policy document. (ECF No. 144 at 4). Similarly, Plaintiff states that the requests at issue reference the policy document simply for the purpose of definition. (*Id.*). Moreover, Plaintiff notes that it twice offered in the meet and confer process to modify the requests in order to allow Defendants to admit the factual information, yet Defendants refused, stating that the responses were clear and accurate as written. (*Id.* at 5-6).

### III.   **Discussion**

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). If the matter is not admitted, "the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). "Accordingly, the Rule does anticipate that in certain circumstances, a qualified answer may be appropriate." *Baker v. BorgWarner Morse TEC, Inc.*, No. 3:11-CV-00505, 2012 WL 13026647, at *1 (S.D.W. Va. Apr. 12, 2012). The determination of "[w]hether or not a qualification was made 'when good faith requires' is determined by the Court on a case-by-case basis." *Id.*

In this case, Defendants fail to show that good faith required their qualified responses to Plaintiff's requests for admission. Defendants objected on the basis that the requests allegedly conflated their factual determinations with their legal defenses and the application of policy and the law to factual determinations. Therefore, Defendants contended that they were "incapable" of responding to the requests as propounded. This position is without merit. Indeed, Defendants were able to respond to the requests, and they responded that the cause of loss was corrosion and that they never determined that the other perils caused the collapse. However, Defendants added extraneous qualifiers and detail to their responses which resulted in unnecessarily confusing and ambiguous responses to Plaintiff's very straightforward requests for admission.

Contrary to Defendants' argument, the requests clearly asked Defendants to admit or deny certain factual information. The references in the requests to Defendants' affirmative defenses, which themselves reference the insurance policy, were simply used to supply definitions for terms that appeared in the requests for admission because the terms could be capable of different meanings. The requests in no way require Defendants to apply law to facts, nor are there mixed questions of law and fact, as Defendants argue in their response to Plaintiff's motion. Therefore, Defendants are **ORDERED** to provide Plaintiff with unambiguous responses to Plaintiff's Request for Admission Nos. 21, 22, 23, 24, 25, 28, 29, 30, 31, 32, 34, 35, 36, 37, and 38 within **ten (10) days** of the date of this Order. Having fully considered the issues and arguments, the Court **DENIES** Plaintiff's request to deem the matters admitted.

With respect to Plaintiff's request for costs and fees associated with pursuing this motion, it is hereby **ORDERED** that Plaintiffs shall have through and including **September 30, 2020** in which to file an affidavit of reasonable fees and expenses incurred in making the motion to compel, as well as any supportive documentation or argument to justify the amount of fees and expenses requested. *See Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243-44 (4th Cir. 2009). Failure to timely file the affidavit and supporting documentation shall result in a denial of fees and costs. Defendant shall have through and including **October 14, 2020** in which to respond to Plaintiffs' submission. The response shall include any justification that would obviate against an award of expenses. Failure to file a response shall be deemed an admission of or agreement with the representations and arguments of Plaintiffs. Plaintiffs shall have through and including **October 23, 2020** in which to file a reply memorandum. At the conclusion of the period allowed for briefing, the Court shall either schedule a hearing, or

simply rule on the request for reasonable fees and costs.

   The Clerk is directed to provide a copy of this Memorandum Opinion and Order to counsel of record.

        **ENTERED:**  September 11, 2020

        Cheryl A. Eifert
        United States Magistrate Judge