**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**RAMACO RESOURCES, LLC,**

      **Plaintiff,**

**v.**                                 **Case No.:  2:19-cv-00703**

**FEDERAL INSURANCE COMPANY, and
ACE AMERICAN INSURANCE COMPANY,**

      **Defendants.**

**MEMORANDUM OPINION and ORDER**

On September 11, 2020, the undersigned United States Magistrate Judge granted Plaintiff's Motion to Deem Requests for Admission Admitted or, in the Alternative, to Compel Adequate Responses. (ECF No. 157). The parties were ordered to brief the matter of reasonable fees and costs, which Plaintiff requested. The parties have since submitted their materials, and the issues are fully briefed. (ECF Nos. 182, 190, 193). For the reasons that follow, the Court **GRANTS** Plaintiff's Petition for Attorneys' Fees and Costs, (ECF No. 182), in part, as set forth below. Defendants are hereby **ORDERED** to pay Plaintiff the sum of **Eight Thousand Three Hundred Twenty Eight Dollars ($8,328.00)** in reimbursement of reasonable attorneys' fees. This payment shall be made in full within **thirty (30) days** of the date of this Order.

## I.    **RELEVANT FACTS**

Plaintiff Ramaco Resources, LLC, ("Ramaco") owns a coal processing plant.

After a suspended hopper collapsed inside of a silo at its plant, Ramaco submitted an insurance claim for its losses to its insurer, Defendant Federal Insurance Company ("Federal"), which utilized employees of Defendant Ace American Insurance Company, to perform claims handling and adjustment. (ECF Nos. 14 at 1, 199 at 4, 199 at 4 n.2). Federal hired an engineering firm, Wiss, Janney, Elstner Associates ("WJE"), to investigate the cause of the collapse. (ECF No. 199 at 4). Upon WJE's report, Federal wrote Ramaco a letter, stating that it was denying coverage for the claim because Ramaco's insurance policy excluded damage caused by: (1) faulty, inadequate, or defective planning, design, materials, or maintenance; (2) wear and tear or deterioration; and (3) rust, oxidation, corrosion, or discoloration. (ECF No. 199-2, 4-7).

Thereafter, Ramaco filed suit, alleging bad faith, breach of contract, and violations of the West Virginia Unfair Trade Practices Act, and Defendants removed the action to this Court based on diversity jurisdiction. (ECF No. 1). In the course of discovery, Ramaco served requests for admission on Defendants. *See* (ECF No. 132 at 2). Fifteen of the requests asked Defendants to admit or deny whether Federal determined that certain policy exclusions that were referenced in Defendants' affirmative defenses, such as "acts or omissions;" "business errors;" "inherent vice/latent defect;" "planning, design, materials, or maintenance;" or "wear and tear," caused Ramaco's loss. (*Id.*). Defendants objected to the requests, stating that the requests "conflated factual determinations with legal defenses and the application of the policy and the law to facts and factual determinations." (ECF No. 131-3 at 5-20). Defendants further responded that the factual determination was that the cause of loss was corrosion, but they explained that certain other policy provisions were implicated

by that cause of loss. (*Id.*).

Ramaco filed a motion to deem the requests for admission admitted or, in the alternative, to compel adequate responses to the fifteen requests. (ECF No. 131). In reviewing the motion, the Court agreed with Ramaco that Defendants' longwinded responses did not comply with Rule 36 of the Federal Rules of Civil Procedure ("Rule 36"). (ECF No. 157). However, the Court declined to deem the requests admitted and instead ordered Defendants to provide unambiguous responses to the discovery requests. (ECF No. 157). Ramaco sought the reimbursement of its costs and fees associated with pursuing the motion under Rule 37 of the Federal Rules of Civil Procedure ("Rule 37"). (ECF No. 131). The Court ordered Ramaco to file "an affidavit of reasonable fees and expenses incurred in making the motion to compel, as well as any supportive documentation or argument to justify the amount of fees and expenses requested." (ECF No. 157 at 13). The undersigned also allowed Defendants to file a response to Ramaco's submission to "include any justification that would obviate against an award of expenses." (*Id.*). Ramaco was then permitted to file a reply Defendants' response. (*Id.*).

In response to the Court's Order granting the motion to compel, Defendants amended their responses to Ramaco's fifteen requests. They admitted nine of the requests, and they denied six of them, as follows:

> **REQUEST FOR ADMISSION NO. 21.** Admit that Federal never determined that "acts or omissions," as that term is used in Your second affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

>> **RESPONSE:** Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual

determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "acts or omissions" as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

**AMENDED RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 22.** Admit that Federal never determined that "business errors," as that term is used in Your second affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

**RESPONSE:** Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "business errors" as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

**AMENDED RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 23.** Admit that Federal never determined that "Inherent Vice/Latent Defect," as those terms are used in Your third affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

**RESPONSE:** Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being

answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "Inherent Vice/Latent Defect" was the cause of loss, but Federal denies any implication that the "Inherent Vice/Latent Defect" provisions of the Federal Policy are inapplicable to the factual circumstances of the November 5, 2018 failure event. This includes, without limitation, because these provisions encompass or may encompass the factual determination that the cause of loss was corrosion, and these provisions encompass or may encompass one or more factual allegations made by Ramaco about the November 5, 2018 failure event. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

**AMENDED RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 24.** Admit that Federal never determined that "Planning, Design, Materials or Maintenance," as that term is used in Your fourth affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

**RESPONSE:** Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "Planning, Design, Materials or Maintenance", as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

**AMENDED RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 25.** Admit that Federal never determined that "wear and tear," as that term is used in Your fifth affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

**RESPONSE:** Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "wear and tear" was the cause of loss, but Federal denies any implication that the "Wear and Tear" provisions of the Federal Policy are inapplicable to the factual circumstances of the November 5, 2018 failure event. This includes, without limitation, because these provisions encompass or may encompass the factual determination that the cause of loss was corrosion, and these provisions encompass or may encompass one or more factual allegations made by Ramaco about the November 5, 2018 failure event. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

**AMENDED RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 28.** Admit that, prior to the commencement of this litigation, Federal had not determined that "acts or omissions," as that term is used in Your second affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

**RESPONSE:** Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "acts or omissions" as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

**AMENDED RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 29.** Admit that, prior to the commencement of this litigation, Federal had not determined that "business errors," as that term is used in Your second affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

> **RESPONSE:** Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "business errors" as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

> **AMENDED RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 30.** Admit that, prior to the commencement of this litigation, Federal had not determined that "Inherent Vice/Latent Defect," as those terms are used in Your third affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

> **RESPONSE:** Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "Inherent Vice/Latent Defect" was the cause of loss, but Federal denies any implication that the "Inherent Vice/Latent Defect" provisions of the Federal Policy are inapplicable to the factual circumstances of the November 5, 2018 failure event. This includes, without limitation, because these provisions encompass or may encompass the factual determination that the cause of loss was corrosion, and these provisions encompass or may encompass one

7

or more factual allegations made by Ramaco about the November 5, 2018 failure event. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

**AMENDED RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 31.** Admit that, prior to the commencement of this litigation, Federal had not determined that "Planning, Design, Materials or Maintenance," as that term is used in Your fourth affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

**RESPONSE:** Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "Planning, Design, Materials or Maintenance", as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

**AMENDED RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 32.** Admit that, prior to the commencement of this litigation, Federal had not determined that "wear and tear," as that term is used in Your fifth affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

**RESPONSE:** Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "wear and

tear" was the cause of loss, but Federal denies any implication that the "Wear and Tear" provisions of the Federal Policy are inapplicable to the factual circumstances of the November 5, 2018 failure event. This includes, without limitation, because these provisions encompass or may encompass the factual determination that the cause of loss was corrosion, and these provisions encompass or may encompass one or more factual allegations made by Ramaco about the November 5, 2018 failure event. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

**AMENDED RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 34.** Admit that, prior to the commencement of this litigation, Federal had not obtained an expert report that concluded that "acts or omissions," as that term is used in Your second affirmative defense, was the cause of loss with respect to Ramaco's insurance claim. For purposes of this request, "expert report" includes any opinion provided by any person or entity retained by Federal to investigate the cause of loss with respect to Ramaco's insurance claim, whether such opinion was rendered in writing or orally, formally or informally.

**RESPONSE:** Federal objects to this request based on the definition of "expert report" because the definition provided is not the ordinary and customary use of the term "expert report" in litigation and under and in connection with the Federal Rules, specifically, and the request may accordingly result in a response that is prejudicial and/or misleading and/or subject to misinterpretation, and which may result in confusion. Federal construes this request to mean "engineering report." Responding further, Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion, and the three WJE engineers retained by Federal to investigate the November 5, 2018 failure event determined the cause of loss was corrosion. Federal admits that it therefore did not obtain an engineering report that determined that "acts or omissions" as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual

determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

**AMENDED RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 35.** Admit that, prior to the commencement of this litigation, Federal had not obtained an expert report that concluded that "business errors," as that term is used in Your second affirmative defense, was the cause of loss with respect to Ramaco's insurance claim. For purposes of this request, "expert report" includes any opinion provided by any person or entity retained by Federal to investigate the cause of loss with respect to Ramaco's insurance claim, whether such opinion was rendered in writing or orally, formally or informally.

**RESPONSE:** Federal objects to this request based on the definition of "expert report" because the definition provided is not the ordinary and customary use of the term "expert report" in litigation and under and in connection with the Federal Rules, specifically, and the request may accordingly result in a response that is prejudicial and/or misleading and/or subject to misinterpretation, and which may result in confusion. Federal construes this request to mean "engineering report." Responding further, Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion, and the three WJE engineers retained by Federal to investigate the November 5, 2018 failure event determined the cause of loss was corrosion. Federal admits that it therefore did not obtain an engineering report that determined that "business errors" as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

**AMENDED RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 36.** Admit that, prior to the commencement of this litigation, Federal had not obtained an expert report that concluded that "Inherent Vice/Latent Defect," as those terms are used in Your third affirmative defense, was the cause of loss with respect to Ramaco's insurance claim. For purposes of this request, "expert report" includes any opinion provided by any person or entity retained by Federal to investigate the cause of loss with respect to Ramaco's insurance claim, whether such opinion was rendered in writing or orally, formally or informally.

> **RESPONSE:** Federal objects to this request based on the definition of "expert report" because the definition provided is not the ordinary and customary use of the term "expert report" in litigation and under and in connection with the Federal Rules, specifically, and the request may accordingly result in a response that is prejudicial and/or misleading and/or subject to misinterpretation, and which may result in confusion. Federal construes this request to mean "engineering report." Responding further, Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion, and the three WJE engineers retained by Federal to investigate the November 5, 2018 failure event determined the cause of loss was corrosion. Federal admits that it therefore did not obtain an engineering report that determined that "Inherent Vice/Latent Defect" was the cause of loss, but Federal denies any implication that the "Inherent Vice/Latent Defect" provisions of the Federal Policy are inapplicable to the factual circumstances of the November 5, 2018 failure event. This includes, without limitation, because these provisions encompass or may encompass the factual determination that the cause of loss was corrosion, and these provisions encompass or may encompass one or more factual allegations made by Ramaco about the November 5, 2018 failure event. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

> **AMENDED RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 37.** Admit that, prior to the commencement of this litigation, Federal had not obtained an expert report that concluded that "Planning, Design, Materials or Maintenance," as that term is used in Your fourth affirmative defense, was the cause of loss with respect to Ramaco's insurance claim. For purposes of this request, "expert report" includes any opinion provided by any person or entity retained by Federal to investigate the cause of loss with respect to Ramaco's insurance claim, whether such opinion was rendered in writing or orally, formally or informally.

> **RESPONSE:** Federal objects to this request based on the definition of "expert report" because the definition provided is not the ordinary and customary use of the term "expert report" in litigation and under and in connection with the Federal Rules, specifically, and the request may accordingly result in a response that is prejudicial and/or misleading and/or subject to misinterpretation, and which may result in confusion. Federal construes this request to mean "engineering report." Responding further, Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion, and the three WJE engineers retained by Federal to investigate the November 5, 2018 failure event determined the cause of loss was corrosion. Federal admits that it therefore did not obtain an engineering report that determined that "Planning, Design, Materials or Maintenance", as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

> **AMENDED RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 38.** Admit that, prior to the commencement of this litigation, Federal had not obtained an expert report that concluded that "wear and tear," as that term is used in Your fifth affirmative defense, was the cause of loss with respect to Ramaco's insurance claim. For purposes of this request, "expert report" includes any opinion provided by any person or entity retained by Federal to investigate the cause of loss with respect to Ramaco's insurance claim,

whether such opinion was rendered in writing or orally, formally or informally.

> **RESPONSE:** Federal objects to this request based on the definition of "expert report" because the definition provided is not the ordinary and customary use of the term "expert report" in litigation and under and in connection with the Federal Rules, specifically, and the request may accordingly result in a response that is prejudicial and/or misleading and/or subject to misinterpretation, and which may result in confusion. Federal construes this request to mean "engineering report." Responding further, Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not obtain an engineering report that determined that "wear and tear" was the cause of loss, but Federal denies any implication that the "Wear and Tear" provisions of the Federal Policy are inapplicable to the factual circumstances of the November 5, 2018 failure event. This includes, without limitation, because these provisions encompass or may encompass the factual determination that the cause of loss was corrosion, and these provisions encompass or may encompass one or more factual allegations made by Ramaco about the November 5, 2018 failure event. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

> **AMENDED RESPONSE:** Denied.

(ECF Nos. 131-3, 185-2).

Afterward, Ramaco filed the instant petition for attorneys' fees and costs related to obtaining the responses. (ECF No. 182). Ramaco initially sought $31,900 in attorneys' fees and costs related to its motion to compel.[1] (*Id.* at 2, 6). Ramaco stated

---

[1] This figure was reduced to $19, 587.50 in Ramaco's reply brief. (ECF No. 193 at 16-17).

that its "attorneys generally command an hourly rate between $450 and $600 per hour," and they expended 70.5 hours[2] meeting and conferring, researching, and drafting the 14-page memorandum and 20-page reply in support of the Ramaco's successful motion to compel. (*Id.* at 5, 6). Ramaco attached an affidavit and time sheet in support of its petition. (ECF Nos. 182-1, 182-2).

Defendants argued that Ramaco was not entitled to reimbursement of fees and costs because Defendants were justified in litigating with Ramaco over the 15 requests for admission. Defendants contended that the Court should apportion the fees pursuant to Fed. R. Civ. P. 37(a)(5)(C) by requiring each party to bear their own fees and costs related to the motion. (ECF No. 190 at 1). They claimed that the requests were "unclear and ambiguous, and likely to create confusion in the record on this case, making Defendants' responses appropriate and reasonable." (*Id.* at 1-2). Defendants further stated that there is no better evidence of the fact that the requests for admission were confusing "than Ramaco's recent objections and demand for an explanation for the one-word amended answers." (*Id.* at 2); *see* (ECF No. 191).

Defendants further asserted that the amounts claimed by Ramaco were facially unreasonable. (ECF No. 190 at 2). They noted that the two "meet and confer" calls totaled less than 30 minutes, the memorandum cited black letter law, and the briefs focused on the content of Defendants' responses. (*Id.* at 2-3). Defendants identified specific tasks—which Ramaco claimed in the petition—that concerned discovery disputes completely unrelated to the 15 requests for admission at issue, including entries relating to corporate disclosure statements, corporate structure, and other

---

[2] This figure was reduced to 43.75 hours in Ramaco's reply brief. (*Id.*).

matters. (*Id.* at 3, 5-6). Defendants noted other inconsistences, such as when a Ramaco partner billed 1.1 hours and an associate billed 4.7 hours for the same phone call. (*Id.* at 12). In sum, Defendants argued that billing a full work week to draft a single motion to compel was beyond reason. (*Id.*).

In reply, Ramaco stated that the Court already determined that the requests for admission were unambiguous. (ECF No. 193 at 1). Therefore, Ramaco contended that it must be granted fees under Fed. R. Civ. P. 37(a)(5)(A)(ii) unless Defendants can show that their responses were "substantially justified." (*Id.* at 2). Ramaco argued that the responses were not substantially justified because Defendants nonsensically read identically-phrased requests for admission to call for two different types of information. (*Id.* at 4). Ramaco asserted that Defendants' use of dual formulations, one of which Defendants employed to answer the nine requests that they ultimately admitted and one of which Defendants employed to answer the six requests that they ultimately denied, evidenced that Defendants understood the requests for admission all along, but chose to engage in wordplay and  bury their answers in "sea of baseless objections and unnecessary qualifications." (*Id.* at 9-10). Ramaco referred to Defendants' assertions regarding the fees claimed in the petition as "quibbles" and stated that they warranted a modest reduction in the fees initially sought. (*Id.* at 13). Ramaco submitted a revised request for fees totaling $19,587.00, relating to 43.75 billable hours. (*Id.* at 16-17).

## II.  **Discussion**

### *A.  Recovery of Expenses*

The Court first considers whether the expenses that Ramaco seeks are recoverable under the law. As noted, Ramaco filed a motion to compel after Defendants

responded to Ramaco's requests for admission with lengthy, qualified answers instead of forthright admissions or denials. (ECF No. 131). The Court ruled that Defendants' objections were improper and that Defendants failed to show that good faith required the qualified responses that they provided, or that Defendants were incapable of responding to the requests. (ECF No. 157 at 12); *see, e.g., Michael v. Wes Banco Bank, Inc.,* No. 5:04-CV-00046, 2006 WL 1705935, at *2 (N.D.W. Va. June 16, 2006) ("The Federal Rules of Civil Procedure permit the following responses to a request for admission: (1) an objection on the grounds that the matter demanded to be admitted is beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1); (2) an admission; (3) a denial; (4) a detailed explanation why the matter can be neither admitted nor denied; or (5) a good faith qualified admission that admits certain matters, if possible, but denies or gives a qualified answer to the rest. Fed. R. Civ. P. 36(a).").

In fact, the Court concluded that "Defendants added extraneous qualifiers and detail to their responses which resulted in unnecessarily confusing and ambiguous responses to Plaintiff's very straightforward requests for admission." (*Id.*). The Court granted Ramaco's motion to the extent that it requested an order compelling Defendants to provide unambiguous responses, but it denied the motion to the extent that it requested that the matters be deemed admitted. (*Id.* at 13).

In response to the Court's Order, Defendants amended their responses and admitted nine and denied six of the 15 requests. (ECF No. 185-2). Ramaco now seeks what it contends are its reasonable expenses incurred in making the motion to compel. (ECF No. 182). Ramaco relies on Fed. R. Civ. P. 37(a)(5)(A)(ii), stating that Defendants must pay Ramaco's expenses associated with its successful motion unless Defendants' initial discovery responses were "substantially justified." (ECF No. 193 at 2).

Conversely, Defendants rely on Fed. R. Civ. P. 37(a)(5)(C), arguing that the motion to compel was granted in part and denied in part, and the Court should apportion the fees by requiring each party to bear its own expenses because "Defendants were justified in litigating with Ramaco over the 15 requests for admission" at issue. (ECF No. 190 at 1).

Rule 37(a)(5)(A) provides that when a motion compelling disclosure or discovery is granted, or a disclosure or discovery is provided after the motion is filed:

> (A) [...] [T]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Rule 37(a)(5)(C) explains that, if the motion is granted in part and denied in part, the court may issue a protective order and may apportion the reasonable expenses for the motion after giving the parties the opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(C).

As an initial matter, Defendants' argument that the parties should bear their own costs regarding the motion to compel is unpersuasive. Defendants rely on cases which are factually distinct from this case, because not all of the requested discovery was compelled. (ECF No. 190 at 8); *see Baker v. BorgWarner Morse TEC, Inc.*, No. 3:11-CV-00505, 2012 WL 13026647, at *1 (S.D.W. Va. Apr. 12, 2012) (denying motion for sanctions after motion to compel that was granted as to some requests for admission and denied as to some requests for admission); *Plumbers & Pipefitters*

*Local 625 v. Nitro Constr. Servs., Inc.*, No. 2:18-CV-01097, 2019 WL 5295587, at *2 (S.D.W. Va. Oct. 18, 2019) (denying request for reasonable expenses regarding motions to compel where first motion was granted, in part, and additional motions to compel were denied as moot). In addition, Defendants rely on a case in which attorneys' fees were, in fact, awarded because the party's responses to the discovery requests were not substantially justified. (ECF No. 190 at 9); *see Burkett ex rel. Estate of Burkett v. AIG Claim Servs., Inc.*, 244 F.R.D. 328, 332 (N.D.W. Va. 2005), *aff'd sub nom. Burkett v. AIG Claim Servs., Inc.*, No. 3:03-CV-1, 2007 WL 9734152 (N.D.W. Va. July 16, 2007).

In this case, Ramaco filed a motion to compel concerning 15 requests for admission. The Court granted the motion and ordered Defendants to properly respond to ***all 15 requests***. (ECF No. 157). Although the Court did not award all of the relief that Ramaco requested by not deeming the requests admitted, Ramaco's motion was successful as to all of the discovery requests that were the subject of the motion. There is no dispute that the parties conferred in an attempt to obtain the discovery before the motion was filed, and Defendants offer no other circumstances that would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i), (iii). Therefore, Ramaco is entitled to its reasonable expenses incurred in making that motion unless Defendants' responses and objections were substantially justified. Fed. R. Civ. P. 37(a)(5)(A)(ii).

"A party satisfies the substantially justified standard if there is a genuine dispute as to proper resolution or if a reasonable person could think that the failure to produce discovery is correct, that is, if it has a reasonable basis in law and fact." *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 365 (D. Md. 2012) (quoting *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 Fed. Appx. 586, 599 (4th Cir.2009)) (markings omitted); *see also Burkett*, 244 F.R.D. at 330 (citing *Wright, Miller & Marcus, Federal*

*Practice and Procedure: Civil 2d* § 2288 (1994) ("Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule.")). In this case, Defendants do not offer any legitimate justification, let alone substantial justification, to explain why the admissions and denials to Ramaco's requests were not provided prior to Ramaco filing the motion to compel. Defendants objected that the requests "conflated factual determinations with legal defenses and the application of the policy and the law to facts and factual determinations." (ECF No. 131-3 at 5-20). However, Rule 36(a)(1)(A) explicitly allows requests for admission concerning facts, *the application of law to fact*, or opinions about either. For reasons more fully explained in the Court's order on the motion to compel, Defendants' objections and responses were entirely improper because the discovery requests were within the scope provided in Rule 36(a). (ECF No. 157).

As indicated by Ramaco, Defendants' initial responses employed a dual formulation regarding the requests for admission based on whether the requests were properly admitted or denied. The Court cannot ascertain any reasonable basis for Defendants to respond in the manner which they initially did to the requests that they easily could have admitted or denied in the first place. For example, they responded in this manner to some requests:

> **REQUEST FOR ADMISSION NO. 21.** Admit that Federal never determined that "acts or omissions," as that term is used in Your second affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.
>
> > **RESPONSE:** Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual

determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "acts or omissions" as that phrase is used in the Federal Policy and referenced in Federal's affirmative defenses, encompassed the factual determination that the cause of loss was corrosion. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American adopts the foregoing objections, clarifications, and responses, as its objections, clarifications, and responses to this request.

**AMENDED RESPONSE:** Admitted.

The responses to eight other requests for admissions were substantially the same except the term "acts or omissions" was replaced with the terms "business errors" or "planning, design, materials or maintenance." By contrast, Defendants responded in a different manner to six of the requests:

**REQUEST FOR ADMISSION NO. 23.** Admit that Federal never determined that "Inherent Vice/Latent Defect," as those terms are used in Your third affirmative defense, was the cause of loss with respect to Ramaco's insurance claim.

**RESPONSE:** Federal objects to this request for admission because this request conflates Federal's factual determinations with Federal's legal defenses, and with the application of the Federal Policy, and the law, to facts and to Federal's factual determinations. This request is accordingly incapable of being answered as propounded, and is therefore objectionable. Federal's factual determination was that the cause of loss was corrosion. Federal admits that it therefore did not determine that "Inherent Vice/Latent Defect" was the cause of loss, but Federal denies any implication that the "Inherent Vice/Latent Defect" provisions of the Federal Policy are inapplicable to the factual circumstances of the November 5, 2018 failure event. This includes, without limitation, because these provisions encompass or may encompass the factual determination that the cause of loss was corrosion, and these provisions encompass or may encompass one or more factual allegations made by Ramaco about the November 5, 2018 failure event. This request is denied to the extent it seeks an admission inconsistent with the foregoing. ACE American

adopts the foregoing objections, clarifications, and responses, as
its objections, clarifications, and responses to this request.

**AMENDED RESPONSE:** Denied.

Defendants applied this response pattern to the requests concerning "inherent
vice/latent defect" and "wear and tear."

Defendants very clearly buried their admissions and denials within baseless
objections and wordplay, which required Ramaco to file a motion to compel and
expend resources to receive straightforward answers. Defendants' contentions that the
requests for admission were ambiguous and confusing carries no weight. They
understood the requests, hence their dual formulation of responses, but they chose to
respond evasively. Defendants point to Ramaco's motion for sanctions concerning
their amended responses, (ECF No. 191), as evidence that the requests were confusing
in the first place. However, Ramaco's motion was due to the fact that Defendants' initial
*answers* were confusing, not because there was any ambiguity in the requests.
Specifically, Ramaco interpreted all of Defendants' initial convoluted responses as
admissions. Thus, Ramaco took issue with the fact that Defendants denied six of the
requests in their amended responses. Regardless, even if Defendants genuinely
misinterpreted the requests, the requests were facially unambiguous and Defendants'
misinterpretation was unreasonable, as previously discussed by the Court. *See* (ECF
No. 157). Defendants assert no substantial justification for their failure to comply with
Rule 36. As such, they must pay Ramaco's reasonable expenses related to the motion
to compel.

Additionally, as to the nine requests which Defendants ultimately admitted,
Defendants very clearly failed to admit matters which Ramaco has now shown to be

true under Rule 37(c)(2):

> *Failure to Admit.* If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
> (B) the admission sought was of no substantial importance;
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
> (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2). Therefore, Ramaco is entitled to repayment of its reasonable expenses incurred in making that proof unless one of the four Rule 37(c)(2) exceptions apply.

The first exception is plainly inapplicable because the Court did not find that the request was objectionable under Rule 36(a). Fed. R. Civ. P. 37(c)(2)(A); *see* (ECF No. 157). As to the second exception, Defendants do not argue, nor does the Court find, that the matters sought in the requests for admission were of no substantial importance. Fed. R. Civ. P. 37(c)(2)(B). To the contrary, the cause of loss is the primary issue in this lawsuit because Defendants contend that the peril that occurred was excluded under the policy. The third exception concerns whether Defendants had a reasonable belief that they might prevail on the matter. Fed. R. Civ. P. 37(c)(2)(C). Defendants offer no basis that this exception applies. The requests were straightforward, and Defendants were able to answer them, albeit it a needlessly confusing manner. Defendants' explanation as to their initial interpretation of the requests does not amount to a *reasonable* belief that they might prevail on the matter. Their unfounded interpretation of the requests was unreasonable. Finally, regarding the fourth exception, Defendants do not offer any other good reason for their failure to admit.

For all of the above reasons, the Court finds that Ramaco is entitled to its reasonable expenses regarding the motion to compel.

### B. Reasonable Expenses

The Court follows a three-step process in calculating an award of attorneys' fees. *McAfee v. Bozcar,* 738 F.3d 81, 88 (4th Cir 2013) ("The proper calculation of an attorney's fee award involves a three-step process.") First, the Court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). The burden of establishing a reasonable rate and demonstrating that a reasonable number of hours was expended rests with the party seeking attorneys' fees. *McGee v. Cole,* 115 F. Supp. 3d. 765, 771 (S.D.W. Va. 2015) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has enumerated twelve factors to consider when determining a lodestar figure, including the following:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson,* 560 F.3d at 243-244 (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)).

At the second step of the process, the Court must subtract from the lodestar

figure "fees for hours spent on unsuccessful claims unrelated to successful ones." *Grissom,* 549 F.3d at 321 (quoting *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir. 2002)). Once this calculation is completed, the court proceeds to the third step, which consists of the court increasing the step-two figure by "some percentage of the remaining amount, depending on the degree of success enjoyed by the [party seeking fees]." *Johnson,* 278 F.3d at 337. In this case, the Court need not formally proceed to the second and third steps, because the fees are being awarded secondary to a discovery motion, rather than as an award based upon a successful resolution of the case as a whole.

"When calculating reasonable fees, establishing the hourly rate is generally the critical inquiry." *Wolfe v. Green,* No. 2:08–cv–01023, 2010 WL 3809857 at *4 (S.D.W. Va. Sept. 24, 2010) (quoting *Westmoreland Coal Co. v. Cox,* 602 F.3d 276, 289 (4th Cir. 2010)). An hourly rate is considered reasonable when it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 890 n. 11 (1984). "[T]he community in which the court sits is the first place to look to in evaluating the prevailing market rate." *Rum Creek Coal Sales, Inc. v. Caperton,* 31 F.3d 169, 179 (4th Cir. 1994).  The prevailing market rate for attorneys' fees in a given jurisdiction may be established "by evidence of what attorneys earn from paying clients for similar services in similar circumstances." *Depaoli v. Vacation Sales Assocs, LLC,* 489 F.3d 615, 622 (4th Cir. 2007). Consequently, affidavits outlining hourly rates typically charged and received by local attorneys in the case are useful in determining home market rates. *Id.* Likewise, affidavits from other local lawyers, who are not involved in the case, but are familiar with the skill level of the involved attorneys and with the type of work

performed, are also evidence of the range of reasonable hourly rates in the relevant district. *Robinson,* 560 F.3d at 245. In the absence of persuasive affidavits, the court may look to "previous awards in the relevant marketplace as a barometer for how much to award counsel in the immediate case." *Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 228 (4th Cir. 2009). When the fee applicant fails to provide sufficient outside evidence of prevailing rates in the community, the court may also rely on its own knowledge of such rates. *Rum Creek Coal Sales*, 31 F.3d at 174.

In this case, the only rate information that Ramaco provided is an affidavit from one of its attorneys, Rebecca Pomeroy, Esquire, stating that the hourly rates charged in relation to the motion to compel were consistent with rates that the firm, Bailey & Glasser, LLP ("the law firm"), charged for similar work. (ECF No. 182-1 at 4). The affidavit and attached time sheet provide information concerning the following four professionals who worked on the motion to compel. Ms. Pomeroy, whose rate is listed as $500.00 per hour, is a partner in the firm's Charleston, West Virginia, office; she has more than 19 years of legal experience, and she serves as the firm's civil defense practice group leader and oversees the firm's insurance recovery cases. (ECF Nos. 182-1 at 1, 182-2 at 2-3; 193 at 16-17). Michael Murphy, Esquire, whose rate is listed as $600.00 per hour, works in the firm's Washington, D.C., office and has 18 years of complex litigation experience. (ECF Nos. 182-1 at 3, 182-2 at 2-3; 193 at 16). Joshua Hammack, Esquire, whose rate is listed as $450.00 per hour, graduated summa cum laude from Notre Dame Law School and works as an associate attorney in the firm's Washington, D.C., office; he has seven years of commercial litigation experience. (ECF Nos. 182-1 at 3, 182-2 at 2-4; 193 at 16-17). Finally, Manuel Rios, whose rate is listed as $250.00 per hour, is a senior litigation paralegal in the firm's Washington, D.C., office.

(ECF Nos. 182-1 at 3, 182-2 at 2-3; 193 at 16).

Ramaco offers no other evidence to support the hourly rates claimed in its petition. For instance, it did not provide affidavits concerning the rates charged by other local attorneys for similar work. As noted, "[t]he prevailing party has the burden of producing satisfactory evidence that the requested rates are similar to the prevailing market rate in the forum's community, which reflects similar services by lawyers of reasonably comparable skill, experience and reputation." *Meadows v. AM & GH LLC*, No. 2:15-CV-13370, 2018 WL 3876587, at *3 (S.D.W. Va. Aug. 15, 2018) (quoting *Blum*, 465 U.S. at 895 & n.11; *see also Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). The prevailing rate "is typically established by affidavits of counsel with similar experience as to what they would charge for a similar case, amounts awarded to counsel with similar experience in similar litigation, and amounts awarded to counsel for his services in prior litigation." *Id.* (citing *Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 228 (4th Cir. 2009)). The Court may also consider counsel's experience, expertise, and his or her status as a partner or associate. *Id.* (citations omitted).

Herein, three of the individuals who charged fees for the motion to compel work in the firm's Washington, D.C., office. "To determine whether extrajurisdictional counsel are entitled to the prevailing hourly rates in their home jurisdiction, the court should consider the following questions: (1) did counsel provide services that were not available in the court's jurisdiction; and (2) did the client make a reasonable choice in hiring extrajurisdictional counsel, or did the client select an unreasonably expensive attorney? *Johnson v. Ford Motor Co.*, No. 3:13-CV-06529, 2018 WL 1440833, at *2 (S.D.W. Va. Mar. 22, 2018). Ramaco does not offer any evidence or argument regarding

how it selected counsel or that the extrajurisdictional attorneys in this case provided a unique service that could not be offered by less expensive and equally available local counsel. This is not highly complex or unusual case by any means. Rather, this is an insurance coverage case, which is routinely handled in this jurisdiction. Therefore, the prevailing market rates in the Southern District of West Virginia should be applied.

The Court has previously concluded, based on case law research, that "the prevailing rates for attorney services in this jurisdiction range from $150 to $550 per hour and between $100 and $145 per hour for paralegal services." *Id.* at *6. Ms. Pomeroy's rate of $500.00 falls within the higher end of that range. However, Defendants do not contend that Ms. Pomeroy's rate is unreasonable. Given the lack of opposition and that fact that the rate falls within the range that was awarded in other cases, the Court finds Ms. Pomeroy's rate to be reasonable. The Court notes that Ms. Pomeroy is a partner at a respected law firm with at least 19 years of experience, and she routinely works on insurance disputes of this nature, which supports the reasonability of her hourly rate. (ECF No. 182-1 at 1).

Ramaco offers no explanation for Mr. Murphy's higher rate of $600.00 per hour. Mr. Murphy is a partner in the same firm as Ms. Pomeroy, and he has practiced for equal or less years than Ms. Pomeroy. (*Id.* at 3). The fact that Mr. Murphy specializes in complex litigation is of no consequence, as this is not a complex case. (*Id.*). Therefore, the only apparent justification for Mr. Murphy's higher rate, because Ramaco provided no other explanation, is that Mr. Murphy's hourly rate is based on his location in Washington, D.C. For the reasons noted, the prevailing market rate in this district dictates the attorneys' fees in this action. Thus, the Court finds that an hourly rate of $500.00 per hour, the rate that local attorney Ms. Pomeroy charged in

the same case, is the reasonable rate for Mr. Murphy's fees.

Defendants contend that associate attorney Mr. Hammack's hourly rate of $450.00 is unreasonable, and the Court agrees. Mr. Hammack, who practices in Washington, D.C., billed an hourly rate that exceeds the prevailing rate charged by associate attorneys for this type of work in this jurisdiction. If anything, Mr. Hammack's rate comports to the hourly rates charged by experienced partners in this area. *Gabe v. Dolgencorp, LLC*, No. 5:17-CV-04380, 2018 WL 5985687, at *2 (S.D.W. Va. Nov. 14, 2018) (approving hourly rate of $425 for partner and $300 for associate attorney); *Riddle v. Atkins & Ogle Law Offices, LC*, No. CV 3:19-0249, 2020 WL 3496470, at *2 (S.D.W. Va. June 29, 2020) (approving hourly rate of $450.00 for senior partner); *Young v. Act Fast Delivery of W. Virginia, Inc.*, No. 5:16-CV-09788, 2020 WL 4805036, at *5 n.1 (S.D.W. Va. Aug. 18, 2020) (approving hourly rates of $400.00 and $500.00 for seasoned partners). The Court finds that $300.00 per hour is a reasonable rate for Mr. Hammack's services based on the range of prevailing market rates in this jurisdiction for a senior litigation associate with Mr. Hammack's credentials and experience.

Paralegal Mr. Rios' hourly rate of $250.00 likewise exceeds the prevailing market rate in this jurisdiction. *See, e.g., Johnson*, 2018 WL 1440833, at *6. Given the fact that Defendants do not oppose Mr. Rios' rate, and he is noted to be senior litigation paralegal, the Court determines that $145.00 per hour, the higher end of the range that has previously been awarded in this jurisdiction, is a reasonable rate for Mr. Rios' services.

The Court next turns to the time entries that Ramaco billed. "When reviewing a fee petition, the Court must exclude any hours that are excessive, redundant, or

28

otherwise unnecessary." *Allen v. Monsanto Company,* 2007 WL 1859046 at *2 (S.D.W. Va. June 26, 2007) (citing *Hensley y v. Eckerhart,* 461 U.S. 424, 434 (1983)). "Counsel for a prevailing party has a duty to exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission [...]'" *Daly v. Hill,* 790 F.2d 1071, 1079 (4th Cir. 1986) (quoting *Hensley,* 461 U.S. at 434)). A fee application should contain, at a minimum, the dates on which the work was performed, a reasonably specific description of the work, and the amount of time spent on each task. *Central Cab Company, Inc., v. Cline,* 972 F. Supp. 370, 374 (S.D.W. Va. 1997). While the Court should look for evidence of excessive billing, such as duplication of effort and overuse of discovery, *Xiao-Yue Gu v. Hughes STX Corp.,* 127 F. Supp. 2d 751, 765 (D. Md. 2001), the Court "need not, and indeed should not, become [a] green-eyeshade accountant[]." *Fox v. Vice,* 563 U.S. 826, 838 (2011). "The essential goal" in awarding fees is "to do rough justice, not to achieve auditing perfection." *Id.* Thus, the Court "may take into account [its] overall sense of [the] suit, and may use estimates in calculating and allocating an attorney's time." *Id.* "Even in the absence of novel questions, an expenditure of significant hours may be reasonable where 'the case certainly posed difficulties from an evidentiary standpoint and required a high degree of skill to win.'" *Xiao-Yue*, 127 F. Supp. 2d at 766 (quoting *Herold v. Hajoca Corp.,* 682 F. Supp. 297, 300 (W.D. Va. 1988)).

Ramaco amended its requested fees in its reply. Therefore, the Court only considers the entries in the amended requests. To begin, all three attorneys billed for the same meet and confer call with Defendants' counsel on July 3, 2020 concerning the requests for admission at issue. (ECF Nos. 182-2 at 2, 193 at 16). Defendants

concede that these fees are recoverable. (ECF No. 190 at 2, 5). Therefore, the Court will not question that Ramaco is entitled to reasonable expenses for the call. However, Ramaco provides no explanation regarding why three attorneys, including two high-level partners and one senior associate, were required to be on the call, or why it could not be handled by an associate attorney. Because Ramaco offers no evidence to show that the fees for all three attorneys were reasonable, the Court cannot award the duplicative fees. The Court finds that Ramaco is entitled to the requested 0.25 hours at the Court-designated associate's rate of $300.00 per hour for a total of $75.00 for the July 6, 2020 meet and confer call.

As to the July 29, 2020 entry, Ramaco states that it cannot ascertain how much time was spent on research concerning the 15 requests for admission that were the subject of the motion to compel, as opposed to other discovery requests that it researched at the same time, but "[i]t is certainly reasonable to assume that as much preparation went into the call as the time spent on the call (i.e., an additional twenty-five minutes, which is rounded to half an hour in the table below, consistent with billing practice." (ECF No. 193 at 14). The Court declines to award fees based on Ramaco's speculative guess regarding the time expended on research related to the motion. Ramaco had the opportunity to offer evidence to support this entry, such as an affidavit from Mr. Hammack estimating the amount of time that he spent researching regarding the requests for admission at issue on that date. However, Ramaco declined to provide such evidence. Therefore, the Court finds that those fees are not recoverable.

Ramaco lists two entries from Mr. Hammack dated July 30, 2020. The first entry includes 12 minutes spent preparing for and communicating with Defendants' counsel concerning the requests for admission at issue. (ECF Nos. 182-2 at 2, 193 at

16). Defendants agree that the discussion with Ramaco on that date lasted "10 minutes at the most," and the Court finds it reasonable that Mr. Hammack spent two minutes preparing for the call. Therefore, the Court finds that Ramaco is entitled to its fees for 12 minutes at the associate rate of $300 in the total amount of $60.00. However, the other entry on July 30, 2020 includes various matters such as "communicate with case team" regarding the meet and confer call and depositions, communicate with Defendants' counsel regarding an extension to the deadline for motions to compel, draft and revise a stipulation to that effect, and review the local rules to determine if a stipulation is needed. It was Ramaco's own prerogative to work on a stipulation regarding a deadline extension, and the Court does not find these fees to be recoverable because they were not necessary to prosecuting the motion to compel. Ramaco also fails to identify who was on the "case team" and why such communications were necessary. Assuming that these were interoffice communications, Ramaco does not establish any reason that the discovery issues involved in the simple motion to compel required the coordination of several professionals.  The Court finds that these fees were unreasonable, and they are not recoverable by Ramaco.

Mr. Hammack's entries on August 5 through 7 and 10, 2020 amount to 13.4 hours that consisted of drafting and revising the motion to compel at issue, communicating with the "case team" regarding the same, communicating with Mr. Rios regarding filing the motion, and finalizing the brief and exhibits for filing. (ECF Nos. 182-2 at 3, 193 at 16). Defendants contend that the work product could not have taken the amount of time that Ramaco billed. (ECF No. 190 at 6). Ramaco responds that the motion required close review of discovery responses, other court filings, and at least eight deposition transcripts, all of which Ramaco cited in its memorandum in

support of the motion to compel. (ECF No. 193 at 14-15). The fees related to drafting, revising, and filing the motion to compel are recoverable. However, Mr. Hammack failed to separate those entries from his non-recoverable time spent communicating with the case team. Again, there is no explanation as to why so much interoffice communication was necessary to draft and file an uncomplicated motion to compel. The Court awards ten hours of fees at the associate's rate of $300.00 for a total amount of $3,000.00 related to drafting, revising, and filing the motion to compel.

In the midst of the above entries, Mr. Murphy billed .2 hours on August 7, 2020 for "review[ing] email re meet and confer discovery." (ECF Nos. 182-2 at 3, 193 at 16). This entry is not specific enough to demonstrate that it was reasonably related to Ramaco's motion to compel. The parties agree that there were various ongoing discovery disputes in addition to the 15 requests for admission that were the subject of the motion to compel. Mr. Murphy did not specify who sent the email or whether it concerned the requests for admission at issue. Therefore, the Court finds that Mr. Murphy's fees on this date are not recoverable.

Mr. Rios billed 1.4 hours on August 10 and 11, 2020 related to filing the motion to compel and providing a courtesy copy to the Court. While this amount of time seems a bit excessive, Defendants do not articulate any specific argument opposing it, and it is not beyond reason. The Court finds that Ramaco is entitled to 1.4 hours of fees at the designated paralegal rate of $145.00 for the total amount of $203.00.

Mr. Hammack's entry on August 19, 2020 refers to communicating with his case team concerning ongoing "discovery issues" and communicating with opposing counsel concerning the same. (ECF Nos. 182-2 at 3, 193 at 16). These fees are not recoverable as Ramaco has not met its burden of showing that these tasks were

reasonably related to the motion to compel. Mr. Hammack did not identify the specific "discovery issues" that were the subject of these tasks. Mr. Hammack's entries on August 24 and 25, 2020 relate to interoffice communications, but Ramaco again offered no explanation why these tasks were necessary. (ECF Nos. 182-2 at 3, 193 at 16-17). As Ms. Pomeroy's affidavit explains, Mr. Hammack is a distinguished associate. Mr. Hammack also billed on August 24, 2020 for reviewing Defendants' response to Ramaco's motion to compel, but his time entry also includes interoffice communications. The Court awards one hour of fees at the rate of $300.00 for a total of $300.00.

The remainder of the entries on August 25 through 28, 30, and 31, 2020 pertain to drafting and revising the reply and reviewing a Rule 30(b)(6) deposition to include in the reply. (ECF No. 182-2 at 3-4, 193 at 17). Again, Defendants argue that Ramaco spent too much time working on the reply, but they offer no basis other than their own opinions to dispute the amount of time expended. The entries on August 27 and 30 also include Mr. Hammack's communications with the case team. Subtracting the interoffice communications, the Court finds that Ramaco is entitled to Ms. Pomeroy's fees of two hours at the rate of $500.00 and Mr. Hammack's fees of 12.3 hours at the rate of $300.00 per hour for a total of $4,690.00.

In summary, based on the evidence that Ramaco submitted, the Court awards the following reasonable fees:

| Date | Name | Hours | Rate | Total | Task(s) |
|------|------|-------|------|-------|---------|
| 7/6/20 | Hammack | 0.25 | $300.00 | $75.00 | Participating in meet and confer call |
| 7/30/20 | Hammack | 0.20 | $300.00 | $60.00 | Preparing for and |

| | | | | | participating in meet and conference call |
|---|---|---|---|---|---|
| 8/5/20, 8/6/20, 8/7/20, 8/10/20 | Hammack | 10 | $300.00 | $3,000.00 | Drafting and revising motion to compel |
| 8/10/20, 8/11/20 | Rios | 1.4 | $145.00 | $203.00 | Filing motion to compel |
| 8/24/20 | Hammack | 1 | $300.00 | $300.00 | Reviewing responses to motion to compel |
| 8/25/20, 8/27/20 | Pomeroy | 2.0 | $500.00 | $1,000.00 | Working on reply |
| 8/24/20 | Hammack | 12.3 | $300.00 | $3,690.00 | Working on reply |
| | | | Total Fees Awarded: | $8,328.00 | |

Therefore, after accounting for the deductions, Ramaco is entitled to reimbursement of attorney's fees in the total amount of **$8,328.00**. As previously stated, Defendants shall have **thirty (30) days** from the date of this Order in which to pay the aforementioned amount in full.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** December 1, 2020

Cheryl A. Eifert
United States Magistrate Judge