IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RAMACO RESOURCES, LLC,

      Plaintiff,

v.                                      **Case No.:  2:19-cv-00703**

FEDERAL INSURANCE COMPANY, and
ACE AMERICAN INSURANCE COMPANY,

      Defendants.

### MEMORANDUM OPINION and ORDER

Pending is Defendants' Motion for Protective Order and for *In Camera* Review. (ECF No. 205). Plaintiff filed a response in opposition to the motion to which Defendants replied. (ECF Nos. 229, 260). For the reasons that follow, the Court **DENIES** Defendants' motion.

## I.    Relevant Background

In June 2020, Plaintiff served Defendants with a Third Set of Requests for Production of Documents in which Plaintiff sought documents that were reviewed, considered, relied upon, or rejected by Defendants' expert witnesses, Dr. Glenn Rentschler, Robert Warke, and Dr. Steven Alstadt, including the experts' communications with counsel. (ECF Nos. 122-10, 122-11). Defendants responded to the discovery requests 30 days later. (ECF Nos. 114, 122-13). They provided some documents, but they objected to providing any documents that occurred after litigation ensued subject to the exceptions stated in Fed. R. Civ. P. 26(b)(4)(C). (ECF No. 122-13).

The parties were unable to resolve their dispute regarding Defendants' objections to producing some of the attorney-expert communications. Thus, in July 2020, Plaintiff filed a motion to compel. (ECF No. 122). The Court granted the motion regarding communications and documents exchanged, reviewed, received, examined, considered, relied upon, or rejected by the experts in their roles as hybrid experts designated under Fed. R. Civ. P. 26(a)(2)(C). (ECF No. 146 at 7-8). The Court denied the motion to compel regarding communications and documents that solely concerned the experts' roles as retained expert witnesses designated under Rule 26(a)(2)(B) to rebut the opinions of Plaintiff's experts. (*Id.* at 8). Defendants supplemented their discovery responses on September 18, 2020. (ECF No. 229-4). Plaintiff evidently immediately noticed that, in its view, the supplementation only partially complied with the Court's Order, and Plaintiff raised the issue with Defendants. (ECF No. 229 at 6-11). However, although Defendants refused to produce additional documents, Plaintiff never filed a motion regarding the allegedly deficient supplemental responses or alleged violation of the Court's Order.

Nevertheless, despite the absence of any pending motion filed against them concerning the documents, Defendants filed the instant motion asking the Court to enter a protective order. They seek a protective order shielding what they define as attorney work-product communications between counsel for the Defendants and Dr. Rentschler and Mr. Warke relating to the experts' declarations filed in support of Defendants' motion for summary judgment and Defendants' response to Plaintiff's motion for summary judgment. (ECF No. 205 at 1). Defendants state that Plaintiff continues to seek such communications on the basis that they are responsive to Plaintiff's Third Set of Requests for Production of Documents and that the Court ordered Defendants to produce the information pursuant to Plaintiff's July 27, 2020 motion to compel. (*Id.*); *see* (ECF Nos.

122, 123, 146). However, according to Defendants, the drafts of declarations and related communications were not addressed by the Court's order and are, in fact, not even responsive to the discovery requests because the requests sought documents dated on or before June 1, 2020, and the non-produced information occurred after that time period. (*Id.* at 4).

In response to the motion, Plaintiff argues that Defendants' request for a protective order "fails at its most basic step – it does not address 'annoyance, embarrassment, oppression, or undue burden or expense.'" (ECF No. 229 at 11) (quoting Fed. R. Civ. P. 26(c)(1)). Plaintiff claims that "it appears Defendants filed this procedurally improper motion for protective order precisely because they had already lost a motion to compel on this topic." (*Id.* at 12). Plaintiff argues that the Court should deny the motion for protective order, order Defendants to produce the materials that it already ordered them to produce, and award Plaintiff fees and expenses. (*Id.*). Plaintiff further states that while the foregoing reasons are sufficient to deny the motion for protective order, there are additional reasons the motion must be denied. (*Id.* at 12-13). Specifically, Plaintiff contends that Defendants waived any work-product protection by designating the experts as non-reporting experts, never objected to the specific discovery requests on the basis of the work-product doctrine, never served a privilege log, and misread the time period of the requests. (*Id.* at 13-17).

Defendants' reply addresses Plaintiff's various arguments. (ECF No. 260). Defendants assert that the plain text of the document requests state that Plaintiff was not seeking documents beyond June 1, 2020. (*Id.* at 2). Also, Defendants point out that Plaintiff has not filed a cross motion, and the relief that Plaintiff requests, including an order compelling production of the documents, is broader than the motion before the

3

Court. (*Id*. at 3). Defendants maintain that a protective order is the correct mechanism to respond to situations in which a party demands discovery that implicates an applicable privilege. (*Id*. at 12-13). Finally, Defendants argue that it is axiomatic that they did not object to or create a privilege log regarding documents that succeeded the time period that was encompassed by the requests for production. (*Id*. at 15).

## II. <u>Discussion</u>

Rule 26(c)(1) provides the following:

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;
(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
(C) prescribing a discovery method other than the one selected by the party seeking discovery;
(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
(E) designating the persons who may be present while the discovery is conducted;
(F) requiring that a deposition be sealed and opened only on court order;
(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1).

In this case, Defendants seek a protective order to shield documents that Plaintiff seeks in discovery. However, Defendants state that the documents or communications at issue are not responsive to the discovery requests, nor were they ordered to be produced

in response to Plaintiff's motion to compel, because the requests sought documents dated on or before June 1, 2020, and the information for which Defendants seek a protective order occurred after that time period. (ECF No. 205 at 4).

If the documents are not responsive to the discovery requests, and Defendants have stated the same to Plaintiff, Defendants fail to show the necessity of a protective order. There is no pending motion filed against Defendants seeking to compel the documents, and any such motion would be untimely at this late date and stage of litigation. The parties are in the midst of fully briefed summary judgment motions, motions in limine, and other pre-trial matters. *See (*ECF No. 260 at 1). Discovery closed on August 19, 2020; the Court's order on Plaintiff's motion to compel was entered on September 3, 2020; and Defendants filed their supplemental responses on September 18, 2020. (ECF Nos. 121 at 8, 146, 229-4). Although the parties evidently continued to communicate back-and-forth regarding the issue through November 5, 2020, Plaintiff was aware on September 18, 2020 and at all times thereafter that Defendants were maintaining their objections and not producing the additional information that Plaintiff sought. (ECF No. 229 at 6-11). Consequently, Plaintiff has waived any right it had to seek assistance from the court regarding the additional documents, and, given Defendants' description of the documents, Defendants have no apparent duty under the federal discovery rules to produce them.

In sum, more than two months have passed since Plaintiff received what it contends are deficient supplemental responses, yet Plaintiff has not filed a motion to compel or motion for failure to comply with a court order. Defendants are not currently facing a motion to compel or motion for sanctions regarding the documents for which they are seeking a protective order, and they are unlikely to face any motion in the future

because Plaintiff shows no good cause for delay in filing any such motion. L.R. Civ. P. 37.1 ("Motions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived, and in no event provide an excuse, good cause or reason to delay trial or modify the scheduling order."); *Chambers v. Allstate Ins. Co.*, 206 F.R.D. 579 (S.D.W. Va. 2002) (finding that 30-day period for filing motion to compel began to run when supplemental responses to request for production of documents were filed); *Johnson v. Ford Motor Co.*, No. CV 3:13-6529, 2017 WL 6614101, at *8 n.11 (S.D.W. Va. Dec. 27, 2017) (discussing that motion for failure to comply with a discovery order must be made without unreasonable delay, and the relevant factors to the timeliness of the motion include when the movant learned of the discovery violation, how long he waited before bringing it to the court's attention, and whether discovery has been completed.). As such, a protective order is unnecessary.

Plaintiff attempts to remedy its failure to act by stating in response to Defendants' motion for protective order that the Court should order Defendants to produce the materials and award Plaintiff its fees and expenses. (ECF No. 229 at 12). However, Plaintiff's statement in a response brief does not equate to a motion. Plaintiff had the opportunity to file a motion for months after it received the supplemental responses, but failed to do so. While meet and confer discussions may, in some circumstances, establish good cause for delay, in this case, Defendants consistently stated that they were not providing the documents and Plaintiff was well aware of their position. Therefore, the matters at issue in Plaintiff's motion to compel, (ECF Nos. 122, 123), and the Court's order, (ECF No. 146), are settled.

An additional reason that the motion should be denied is that, as the Court referenced in its prior order, Fed. R. Civ. P. 26(b)(4)(C) protects from discovery, subject

6

to few exceptions, attorney communications with reporting experts designated under Fed. R. Civ. P. 26(a)(2)(B). Therefore, there is no need for a protective order concerning such communications because the communications are already protected from discovery under the Federal Rules of Civil Procedure.

For all of the above reasons, the Court **DENIES** Defendants' Motion for Protective Order and for *In Camera* Review, as it is unnecessary. (ECF No. 205). The Clerk is directed to provide a copy of this Memorandum Opinion and Order to counsel of record.

**ENTERED:**  December 2, 2020

Cheryl A. Eifert
United States Magistrate Judge