```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**RAMACO RESOURCES, LLC,**

      Plaintiff,

v().                        Civil Action No. 2:19-cv-00703

**FEDERAL INSURANCE COMPANY; and
ACE AMERICAN INSURANCE COMPANY,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff Ramaco Resources, LLC's motion for sanctions and contempt, filed on October 21, 2020. ECF No. 191. This matter was previously referred to United States Magistrate Judge Cheryl A. Eifert, ECF No. 203, who filed her Proposed Findings and Recommendation ("PF&R") on November 17, 2020. ECF No. 258. Plaintiff filed timely objections on December 1, 2020, to which defendants responded on December 22, 2020, and to which plaintiff filed a reply in support on January 5, 2021. ECF Nos. 264, 269, 270.

### I. Background

This case involves an insurance claim by plaintiff under its all-risk property policy for losses suffered by plaintiff relating to the collapse of a hopper in a coal silo at

its Elk Creek Mine in Verner, West Virginia.  Defendant Federal Insurance Co. denied coverage under the policy it issued based on several policy exclusions following determinations made by its retained engineering firm.  Defendants raised those policy exclusions as affirmative defenses in this case, along with other policy exclusions which defendant Federal did not initially cite to plaintiff in its letter denying coverage.

Relevant to the present motion, plaintiff served a number of Requests for Admissions (RFAs) on defendants during discovery.  ECF No. 132.  Fifteen of the requests asked defendants to admit or deny that defendants had determined that certain perils, which corresponded to terms in the insurance policy exclusions, such as "acts or omissions;" "business errors;" "inherent vice/latent defect;" "planning, design, materials, or maintenance;" or "wear and tear" caused Ramaco's loss.

Defendants interpreted the RFAs to be mixed questions of fact and law, and thus responded to these RFAs with lengthy objections, stating that the requests "conflated factual determinations with legal defenses and the application of the policy and the law to facts and factual determinations," and responding that defendants had made a factual determination that corrosion was the cause of loss but that other policy

exclusions, including those which corresponded to the perils named in the RFAs, applied to the loss.

Plaintiff moved to have the RFAs admitted or, in the alternative, to compel adequate responses to the fifteen RFAs. ECF No. 131. The magistrate judge found that the RFAs asked purely factual questions and that the responses were out of compliance with Federal Rule of Civil Procedure 36 ("Rule 36") and ordered defendants to provide unambiguous responses to the RFAs. ECF No. 157. In the magistrate judge's view, the references in the RFAs to defendants' affirmative defenses, drawn from the policy, "were simply used to supply definitions for terms that appeared in the requests for admission because the terms could be capable of different meanings." The magistrate judge denied the motion to the extent it sought to deem the requests admitted.[1]  Id.

In response to the order, defendants amended their responses to the fifteen RFAs, admitting nine and denying six, all without qualification. ECF No. 185-2. Plaintiff filed the present motion for sanctions and contempt, arguing that the six denials contained in the amended responses violated Rule 36(b)

---

1 The magistrate judge also awarded attorneys' fees and costs relating to defendants' RFA responses to plaintiff on December 1, 2020. ECF No. 263.

and the magistrate judge's order.  Centrally, plaintiff contends that the initial answers contained admissions by defendants that Federal did not determine certain perils were the cause of loss and that their subsequent denial was improper.  Defendants argued that their responses were proper both in substance and in form, given the court's order and the determinations of their experts.

## II.  Standard of Review

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination <u>of those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'"  <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (first alteration added) (quoting 28 U.S.C. § 636(b)(1)).

## III. Discussion

Plaintiff raises four objections to the Magistrate Judge's order: (1) that the PF&R mischaracterizes plaintiff's RFAs as relating to "whether Federal determined that certain policy exclusions . . . caused Ramaco's loss," (2) that the PF&R incorrectly finds that defendants' initial responses to the six RFAs still at issue were neither admissions nor denials, (3) that, in finding defendants to have a proper basis for modifying

their RFA answers, the PF&R improperly credits the argument that corrosion is potentially an inherent vice of the metal inside Ramaco's silo, which plaintiff contends contradicts the sworn testimony of defendants' corporate witness, and (4) that the PF&R incorrectly found that defendants could insert the peril of deterioration into RFAs 25, 32, and 38 because "the request[s] refer[] Defendants to their Fifth Affirmative Defense in order to supply the definition for the 'wear and tear' exclusion."

The magistrate judge correctly determined that defendants' initial responses to the RFAs at issue, when looked at on the whole, were neither admissions nor denials to the RFAs. Accordingly, the magistrate judge correctly concluded that Rule 36(b), which requires leave of the court on motion to amend or withdraw admissions, did not bar defendants from submitting amended responses to the magistrate judge's order without leave from the court. Similarly, the magistrate judge concluded that the submission of amended responses was consistent with her prior order, which instructed defendants to submit unambiguous responses to plaintiff's requests. This reasoning in the PF&R fully disposes of plaintiff's motion for sanctions and contempt.

Only plaintiff's second objection responds to the reasoning underlying magistrate judge's holding. Plaintiff

contends that the magistrate judge misinterprets her prior order and that the conclusion is inconsistent with the text of defendants' initial responses. Both arguments are without merit.

As to the text of defendants' initial responses, the PF&R observed that while portions of the initial responses appear in isolation to admit the RFAs, the paragraphs of extraneous qualifying language in defendants' responses contravened those portions, rendering the entire request neither admitted nor denied for the purposes of Rule 36(b). Indeed, this failure to directly respond to all or part of the RFAs is why the magistrate judge granted defendants' motion to compel appropriate responses in the first place. The interpretation given in the PF&R to defendants' initial responses is correct and plaintiff has not shown otherwise.

Secondly, plaintiff's argument, based on a single line of dicta in the original order, that the magistrate judge's prior order is inconsistent with the proposed finding that the responses were neither admissions nor denials under Rule 36(b) is incorrect. First, and most crucially, in the order, the magistrate judge considered, and rejected, plaintiff's request to deem the matters admitted and it ordered defendants to resubmit the responses. Thus, the holding of that order was

that defendants' initial responses were not admissions. Plaintiff did not object at the time to that holding.

Moreover, the statement in the order that plaintiff cites, that "[d]efendants were able to respond to the requests, and they responded that the cause of loss was corrosion and that they never determined that the other perils caused the collapse," does not establish that the magistrate judge had held defendants' responses were admissions. The magistrate judge found both in the prior order and in the PF&R that the responses, contained in significantly longer answers, were not admissions when judging the responses on the whole. Accordingly, plaintiff's second objection is without merit and overruled.

Inasmuch as the remaining three objections relate to the accuracy of defendants' responses and do not undermine the magistrate judge's proposed finding that defendant did not violate Rule 36(b) or the prior order by submitting the amended responses, they are also without merit and overruled.

## IV. Conclusion

Accordingly, it is ORDERED that the magistrate judge's PF&R entered November 17, 2020 be, and it hereby is, adopted and incorporated in full, and that plaintiff's motion for sanctions and contempt be, and it hereby is, denied.

7

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

                                    **ENTER: June 24, 2021**

                                    John T. Copenhaver, Jr.
                                    Senior United States District Judge