IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**RAMACO RESOURCES, LLC,**

      **Plaintiff,**

v.

**FEDERAL INSURANCE COMPANY, and**
**ACE AMERICAN INSURANCE COMPANY,**

      **Defendants.**

**ELECTRONICALLY FILED**

**CIVIL ACTION NO.: 2:19-cv-00703**

### DEFENDANTS' BENCH BRIEF AS TO *HAYSEEDS* DAMAGES

Federal Insurance Company and ACE American Insurance Company (collectively, "Defendants"), hereby submit the following as to the availability of damages for aggravation, annoyance, and inconvenience under *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73, 80 (W. Va. 1986).

**Point 1 – Aggravation and Inconvenience Damages Are Unavailable As a Matter of Law**

The Court ruled as follows at page 61 of its summary judgment ruling (Docket No. 305):

> To the extent Count III alleges facts entitling
> plaintiff to attorneys' fees and punitive damages,
> it is treated as a single cause of action with
> Count II.6
>
> FN 6  The court notes that while plaintiff argues
> in its summary judgment memorandum that it is also
> entitled to damages associated with aggravation
> and inconvenience, these damages are not pled in
> the operative complaint. See ECF No. 14.

Under the circumstances, *Hayseeds* damages are unavailable as a matter of law.[1] "Special

---

[1] *Hayseeds* provides: "we hold today that when a policyholder substantially prevails in a property damage suit against an insurer, the policyholder is entitled to damages for net economic loss

or consequential damages—that is, damages which do not necessarily result from the injury complained of or which the law does not imply as the result of that injury—must be particularly specified in the plaintiff's pleading." 22 Am. Jur. 2d Damages § 645; *accord* Fed. R. Civ. P. 9(g) ("If an item of special damage is claimed, it must be specifically stated."). Aggravation and inconvenience are indisputably consequential damages, *see Hayseeds*, 352 S.E.2d at 80, and are therefore not recoverable where, as here, they were not pleaded specifically. *See* Dkt. 305 at 61 n.6 (noting that Plaintiff did not seek damages for aggravation and inconvenience in its complaint).

The fact that Plaintiff failed to plead or ever disclose any particular aggravation or inconvenience damages precludes such damages as a matter of law. It is axiomatic that Plaintiff cannot recovery for amounts not pled in the complaint, as this Court already held in connection with its summary judgment ruling. Accordingly, in the event that a verdict in favor of Ramaco is returned, the Court should decline to permit any attempt to seek these damages.

**Point 2 – A Failure of Proof Precludes the Aggravation and Inconvenience Claim.**

Based on Plaintiff's representations to the Court, Plaintiff believes that at the time it rested, it had put into the record its proof of damages for aggravation and inconvenience. That means the Court already has the ability to evaluate Plaintiff's damages for aggravation and inconvenience. There is a failure of proof.

---

caused by the delay in settlement, as well as an award for aggravation and inconvenience." Defendants do not believe Ramaco can substantially prevail in this action, due to the fact that its maximum damages are less than 50% of the amount of their breach of contract claim on their Rule 26(a)(1) disclosures, and due to the fact that the maximum damages on the breach of contract claim are less than 50% of the amount Ramaco alleged at the start of trial. Defendants object to any finding that Ramaco "substantially prevailed" in this action, based on the evidence. Hayseeds, Inc. v. State Farm Fire & Cas., 177 W. Va. 323, 330, 352 S.E.2d 73, 80 (1986), holding modified by Miller v. Fluharty, 201 W. Va. 685, 500 S.E.2d 310 (1997).

The Court in *Hayseeds* explained as follows:

> For example, a large corporation with an in-place, organized collective intelligence that must litigate a claim for several years may suffer substantial net economic loss but little aggravation and inconvenience

*Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W. Va. 323, 330, 352 S.E.2d 73, 80 (1986), holding modified by *Miller v. Fluharty*, 201 W. Va. 685, 500 S.E.2d 310 (1997).

The only thing that Plaintiff put in the record is that Mr. Blanchard agreed with the proposition that he felt aggravation at some point in connection with the claims process and/or the litigation. That is not a demonstration of any actual inconvenience or aggravation damages. As a matter of law, it is not possible for Ramaco to recover such damages, even assuming they had pled them or that they were at issue during this trial.

**Point 3 – Due to Failure to Plead and Failure to Disclose Damages with Specificity During the Case At Any Time, Defendants Have Been Prejudiced**

To the extent the Court were to find that Plaintiff has actually pled aggravation and inconvenience damages, such damages have never been disclosed with any monetary specificity. These damages are not "disguised" punitive damages, as explained in *Hayseeds*:

> However, in allowing an award for aggravation and inconvenience, we do not intend that punitive damages be awarded under another sobriquet.

*Hayseeds, Inc. v. State Farm Fire & Cas.,* 177 W. Va. 323, 330, 352 S.E.2d 73, 80 (1986), holding modified by *Miller v. Fluharty*, 201 W. Va. 685, 500 S.E.2d 310 (1997)

Therefore, Plaintiff needed to disclose them with specificity prior to trial. They have not. Moving forward with such damages, assuming they were pled, and assuming they do not fatally suffer from a failure of proof, is unfair and prejudicial to Defendants.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court eliminate any reference to damages for aggravation and inconvenience from the jury instructions or verdict form.

**RESPECTFULLY SUBMITTED,**

By: /s/ J. Jarrod Jordan
Matthew J. Perry, Esquire WVSB 8589
J. Jarrod Jordan, Esquire WVSB 10622
**LAMP BARTRAM LEVY TRAUTWEIN & PERRY, PLLC**
720 Fourth Avenue
Post Office Box 2488
Huntington, WV 25725-2488
(304) 523-5400
(304) 523-5409
mperry@720legal.com
jjordan@720legal.com

- and –

Matthew S. Ponzi (Pro Hac Vice)
John Eggum (Pro Hac Vice)
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 N. La Salle St.., Ste. 1400
Chicago, IL 60601
(312) 863-5000
(312) 863-5099
mponzi@fgppr.com
jeggum@fgppr.com

*Counsel for Federal Insurance Company and ACE American Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**RAMACO RESOURCES, LLC,**

    Plaintiff,

                                                **ELECTRONICALLY FILED**

v.                                          **CIVIL ACTION NO.: 2:19-cv-00703**

**FEDERAL INSURANCE COMPANY, and**
**ACE AMERICAN INSURANCE COMPANY,**

    Defendants.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via CM/ECF, the Court's electronic notification system, on July 15, 2021, including as follows:

                Brian A. Glasser
                Rebecca Pomeroy
                BAILEY GLASSER, LLP
                209 Capitol Street
                Charleston, WV 25301

                Nicholas S. Johnson
                Michael L. Murphy
                BAILEY GLASSER, LLP
                1055 Thomas Jefferson Street
                Suite 540
                Washington, D.C. 20007

                                  /s/ J. Jarrod Jordan