IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**RAMACO RESOURCES, LLC,**

    **Plaintiff,**

v.

**FEDERAL INSURANCE COMPANY, and ACE AMERICAN INSURANCE COMPANY,**

    **Defendants**

Civil Action No. 2:19-cv-00703

**JURY TRIAL REQUESTED**

### PLAINTIFF RAMACO RESOURCES, LLC'S RESPONSE TO DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT ON *HAYSEEDS* CLAIM

Having filed their bench brief on the exact same issue, Defendants now renew their motion for summary judgment on *Hayseeds* damages and whether Ramaco's $7.6 million victory counts as "substantially prevailing." *See generally* ECF No. 340. While Ramaco is left with little time to respond and most of the issues overlap with Ramaco's filing last night, *see* ECF No. 335, three issues presented in Defendants' brief are worth addressing separately.

*First*, Defendants concede that—in Count III of the Amended Complaint—Ramaco sought "damages based on allegations that Federal Insurance Company breached the duty of good faith and fair dealing," ECF No. 340 at 1–2. This admission stands in stark contrast to Defendants' earlier claim that these damages were not included in the operative complaint. *See* ECF No. 334 at 1–2. As Ramaco has pointed out already, damages for aggravation, annoyance, and inconvenience are "compensatory damages" for the breach of good faith and fair dealing. *See* ECF No. 335 at 2 (collecting cases).

*Second*, Defendants concede that the "critical inquiry" for whether a party has "substantially prevailed" compares the pre-suit demand to the amount awarded by the jury.

While Defendants previously compared Ramaco's jury award to pre-*trial* damages figures, rather than pre-suit ones, *see* ECF No. 334 at 1–2 n.1, they now admit this comparison is irrelevant. Instead, Defendants pivot to a new argument—namely, that Ramaco "did not make any pre-suit demand for settlement." ECF No. 340 at 3. But there are several issues with this argument. As an initial matter, is factually untrue. Even before Defendants denied the claim, Ramaco specifically requested partial payment for its claim. *See, e.g.*, Ex. A [FIC_00688–89]. After Defendants denied the claim, Ramaco traveled to Philadelphia to meet with Defendants' representatives and presented a summary of its damages. *See* ECF No. 335-2. There, it presented a damages figure of $5.8 million. *See id.*; *see also* Ex. B [FIC_00497–98] (requesting that Defendants revisit their coverage decision in light of the presentation at that meeting). It requires extraordinary levels of mental gymnastics to argue that the presentation of that damages figure at that meeting was not a demand for settlement.

But perhaps even more to the point, the law does not require Ramaco to undertake a futile act. *See, e.g.*, *Hammons v. W. Virginia Off. of Ins. Comm'r*, 775 S.E.2d 458, 472 (W. Va. 2015) ("We have held that '[t]he law does not require a suitor to do a futile thing.'" (quoting Syl. Pt. 2, *Brawley v. Kanawha Cty. Ct.*, 188 S.E. 139 (W. Va. 1936)); *State v. Varner*, 575 S.E.2d 142, 147 (W. Va. 2002) ("[T]he law does not require the doing of a futile act." (citation omitted)); *Moratti ex rel. Tarutis v. Farmers Ins. Co. of Washington*, 254 P.3d 939, 943 (Wash. 2011) (excusing the insured's failure to submit a demand letter prior to instituting a bad faith suit where denial of demand was a foregone conclusion because "the law does not require someone to do a useless act"); *Purscell v. TICO Ins. Co.*, 959 F. Supp. 2d 1195, 1202 (W.D. Mo. 2013), *aff'd*, 790 F.3d 842 (8th Cir. 2015) ("An exception to [the rule that an insured make a demand prior to instituting a bad faith claim] is if the demand would be futile because the insurance company will not settle

within the policy limits even if asked."); *Munchak Corp. v. Cunningham*, 457 F.2d 721, 725 (4th Cir. 1972) ("Equity does not require the doing of a futile act as a condition to the granting of equitable relief.").

Defendants denied this claim and offered Ramaco $0.00 three separate times—in January 2019, June 2019, and August 2019. As proven at trial, it denied the claim for the final time even before it received WJE's engineering report (or WJE had completed that report). And yet Defendants would now contend that the missing piece, all along, was just a demand from Ramaco. If only Ramaco had requested a dollar figure, Defendants would have reversed their coverage decision and paid. This argument strains credulity, particularly where Defendants continued to double-down on their denials and offered only $200,000 even as late as October 28, 2020—after the close of discovery and after summary-judgment motions were fully briefed.

## CONCLUSION

For the foregoing reasons, Ramaco should be permitted to proceed today with the presentation of evidence regarding damages associated with its claim for breach of the duty of good faith and fair dealing, which includes aggravation, annoyance, and inconvenience occasioned by Defendants' breach of the contract.

Dated: July 16, 2021

Respectfully submitted,

/s/ Rebecca D. Pomeroy
Brian A. Glasser, Esq. WVSB 6597
Rebecca Pomeroy, Esq. WVSB 8800
BAILEY & GLASSER, LLP
209 Capitol Street

Charleston, WV 25301
Tel: 304.345.6555
Fax: 304.342.1110
bglasser@baileyglasser.com
bpomeroy@baileyglasser.com

Nicholas S. Johnson, Esq. WVSB 10272
Michael L. Murphy, Esq. WVSB 10888
Joshua I. Hammack, Esq. (admitted *pro hac vice*)
BAILEY & GLASSER, LLP
1055 Thomas Jefferson Street
Suite 540
Washington, D.C. 20007
Tel: 202.463.2101
Fax: 202.463.2103
njohnson@baileyglasser.com
mmurphy@baileyglasser.com
jhammack@baileyglasser.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 16th day of July, 2021, a copy of the foregoing *Plaintiff Ramaco Resources, LLC's Response to Defendants' Renewed Summary Judgment Motion* was filed using CM/ECF, the Court's electronic notification system, which provided notice to all counsel of record.

                                        */s/ Rebecca Pomeroy*
                                        Rebecca Pomeroy

Case 2:19-cv-00703   Document 346   Filed 07/16/21   Page 5 of 5 PageID #: 21024