UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**RAMACO RESOURCES, LLC,**

      Plaintiff,

v.     Civil Action No. 2:19-cv-00703

**FEDERAL INSURANCE COMPANY, and
ACE AMERICAN INSURANCE COMPANY,**

      Defendants.

MEMORANDUM OPINION AND ORDER

This case is before the court on remand from the United States Court of Appeals for the Fourth Circuit.

I. Background

This matter was tried before a jury in a twelve-day bifurcated trial from June 30, 2021, to July 16, 2021. The first phase established liability in favor of plaintiff Ramaco Resources, Inc. ("Ramaco"), and the jury awarded an approximate total of $7.6 million in contract damages and pre-verdict interest. See Ramaco Res., LLC v. Fed. Ins. Co., 589 F. Supp. 3d 567, 571 (S.D.W. Va. 2022), aff'd in part, rev'd in part &

remanded, 74 F.4th 255 (4th Cir. 2023) (appearing on the docket at ECF No. 393) (hereinafter, "Ramaco I").[1]

In the second phase, the court found that Ramaco had substantially prevailed, warranting the jury's consideration of Hayseeds damages, which the jury returned in Ramaco's favor in the amount of $25,000,000. See id.; see also Hayseeds, Inc. v. State Farm Fire & Cas., 352 S.E.2d 73 (W. Va. 1986).

The original jury considered only a limited subsection of Hayseeds damages, consisting of aggravation and inconvenience. Under Hayseeds, the court had found that Ramaco is entitled to "(1) reasonable attorneys' fees in vindicating its claim; (2) damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience." Ramaco I at 56 (defining Hayseeds damages) (quoting Syl. Pt. 1, Hayseeds, 352 S.E.2d 73). Though the attorneys' fees are a decision for the court, it is the jury that must determine damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience. See Syl. Pt. 3, Richardson v. Ky. Nat'l Ins. Co., 607 S.E.2d 793, 795 (W. Va.

---

[1] Citations to Ramaco I will hereinafter cite to the page number as it appears on the docket at ECF No. 393.

2004) (explaining that a judge calculates the amount of attorney's fees awarded under Hayseeds).

The Hayseeds phase of the trial began with the court hearing arguments as to the scope of Hayseeds damages that Ramaco sought. As the parties and the court were discussing jury instructions, defendants' counsel stated their position that the Hayseeds portion of trial should proceed only on aggravation and inconvenience damages – excluding the net economic loss portion of Hayseeds damages – because "full net economic damages were claimed and recovered under the [$7.6 million] jury verdict, including all interest," meaning there was "no net economic damages evidence to be introduced." Tr. Trans. 2298:12-16, ECF No. 392 (transcript of proceedings on July 16, 2021). In response, plaintiff stated, "the plaintiff does not have any further evidence on that economic loss damages." Id. at 2298:19-20. When the court sought to clarify, the court and plaintiff's counsel had the following exchange:

> THE COURT: What we're dealing with now is what the jury's going to take into account having to do with the denial. And what I need for you to do is to address what factors should go to the jury on that point.
>
> Now, if you're not making a claim for net economic loss for the delay, that's fine; it can go simply on the basis of aggravation and inconvenience.
>
> MS. POMEROY (PLAINTIFF'S COUNSEL): That's correct, Your Honor.

>     THE COURT: And so it's the latter?
>
>     MS. POMEROY (PLAINTIFF'S COUNSEL): Yes, sir.
>
>     THE COURT: Well, if that's the case, then, it seems to me that the Instruction Number 23 covers the matter. That's all the jury's going to be asked to consider.

Id. at 2299:6-19.  Pursuant to the above colloquy, the court read the proposed jury instruction as to the Hayseeds damages which Ramaco sought to be awarded.  That instruction provided:

>     You may award Ramaco such sums as you believe based on a preponderance of the evidence will fairly and a reasonably compensate Ramaco for any aggravation and inconvenience Ramaco suffered as a result of the defendants' actions in denying the claim. . . . Such damages are not to be awarded as punitive damages or retribution or punishment, nor for attorney fees, but solely to compensate for proven aggravation and inconvenience.

Id. at 2307:6-20.  Plaintiff's counsel responded that plaintiff was "fine with that instruction." Id. at 2307:23-24.

Ramaco additionally proposed a verdict form regarding Hayseeds damages which asked the jury to determine: "[W]hat amount of aggravation and inconvenience damages is Ramaco entitled to recover?" Id. at 2302:21-2303:2.  That verdict form was used by the court, and the jury concluded that the answer was $25,000,000.  See Verdict Form, ECF No. 349.

After trial, the court granted defendant Federal Insurance Company's ("Federal") renewed motion for judgment as a

matter of law, finding that the "period of restoration" ended on November 30, 2018; reducing contract damages and interest to $1.8 million; rejecting Hayseeds damages; and conditionally granting a new trial on Hayseeds damages because the $25 million figure was impermissibly punitive. See id. at 63.

Ramaco appealed, and the Fourth Circuit reversed the court's decision as to contract damages and interest and reinstated the jury's award of $7.6 million in contract damages and pre-verdict interest. See Ramaco Res., LLC v. Fed. Ins. Co., 74 F.4th 255, 263 (4th Cir. 2023) (hereinafter, "Ramaco II").[2] The Fourth Circuit affirmed the district court's finding that, under the jury verdict, Ramaco was entitled to Hayseeds damages but the original $25 million figure was punitive. See id. at 20.

In the Fourth Circuit's opinion, the court defined Hayseeds damages as, "a damages award for net economic loss and aggravation and inconvenience from the delay in receiving coverage, as well as attorney's fees." Ramaco II at 13 (citing Syl. Pt. 1, Hayseeds, 352 S.E.2d at 74). Yet, as the Fourth Circuit made clear, Ramaco's initial Hayseeds award was solely

---

[2] Citations to Ramaco II will also be to the page numbers as the Fourth Circuit opinion appears on the docket at ECF No. 405.

for "aggravation and inconvenience damages." Ramaco II at 13, 18 (noting that Ramaco's evidence in the second phase only pertained to aggravation and inconvenience damages), 19 n. 16. The Fourth Circuit "affirm[ed] the district court's alternative holding ordering a new trial on Hayseeds damages," without specifying whether retrial should be limited to "aggravation and inconvenience damages" or to the full possible scope of Hayseeds damages (i.e., net economic loss and aggravation and inconvenience). Ramaco II at 19.

The Fourth Circuit's mandate issued on October 2, 2023, and, on that same day, Federal paid Ramaco $7,775,816.23 "in satisfaction of its liability for the award of contract damages and associated pre- and post-judgment interest." Pl.'s Resp. to Notice at 4, ECF No. 440.

On remand, the court is now tasked with retrying Hayseeds damages. In preparation for retrial, Ramaco and Federal have disagreed about two core aspects of the post-remand trial: (1) the scope of Hayseeds damages which Ramaco may seek during the post-remand trial; and (2) the extent of discovery, if any, in which the parties may engage prior to retrial. See Pl.'s Request for Scheduling Conference, ECF No. 423; Defs.' Resp. to Pl.'s Request for Scheduling Conference, ECF No. 424; Pl.'s Reply in Supp. of Request for Scheduling Conference, ECF

No. 425. After two conferences, the court ordered the parties to brief their positions as to both questions, which has now been completed. <u>See</u> Defs.' Notice Regarding Scope of Discovery & Retrial, ECF No. 435 (hereinafter, "Defs.' Notice"); Pl.'s Resp. to Defs.' Notice About <u>Hayseeds</u> Damages on Retrial, ECF No. 440 (hereinafter, "Pl.'s Resp."); Defs.' Reply in Supp. of Its Notice Regarding Scope of Discovery and Retrial, ECF No. 441 (hereinafter, "Defs.' Reply").

## II. Discussion

### A. Scope of Damages on Retrial

Defendants argue that plaintiff has "waived the right to seek economic loss damages under <u>Hayseeds</u> in this case," noting that Ramaco "accurately identified the issue of available <u>Hayseeds</u> damages" and then "explicitly withdrew any claim to damages for net economic loss during" the original trial. Defs.' Notice at 5.

In response, Ramaco presents several arguments. First, Ramaco argues that its counsel's comments during the original trial "do not constitute a waiver for retrial because the circumstances of this case have materially changed," citing continued litigation after trial which Ramaco's counsel purportedly could not have foreseen. Pl.'s Resp. at 6-7.

7

Ramaco also argues that because there was not final resolution of certain issues until the Fourth Circuit's opinion, it cannot be held to its counsel's comments inasmuch as she "did not know that the trial would not resolve Federal's liability for or the amount of Ramaco's contract damages and Hayseeds damages." Id. at 7-9. One of those issues was that Ramaco could not have known that receipt of contract damages would be further delayed, and thus that Ramaco "did not waive the right to seek recovery" of net economic loss for the period ending with payment on October 2, 2023. Id.

Ramaco additionally argues that "[w]hen the Fourth Circuit affirmed this Court's order for a new trial on Hayseeds damages, it pushed the proverbial reset button, returning the case to essentially the same position it was in before the first trial and before the statements that Federal claims were a waiver were made." Id. at 9. Thus, Ramaco argues, because it preserved its ability to seek full Hayseeds damages prior to trial (i.e., in its complaint, at summary judgment, and in the pretrial order),³ it can now seek all such damages upon remand, even if it did not do so in the original trial. Id. at 10.

---

³ Ramaco pled extracontractual damages in its complaint, see First Am. Compl. 19, 21-23, ECF No. 14; argued that it was entitled to Hayseeds damages at summary judgment, explicitly

8

Ramaco further argues that under the "mandate rule," it is entitled to seek the full scope of Hayseeds damages because the Fourth Circuit remanded by affirming the district court's alternative holding ordering a new trial on Hayseeds damages. See id. at 12-16; Ramaco II at 19. Ramaco contends that the mandate rule bars Federal's contention that net economic loss damages have been waived. Pl.'s Resp. at 16-17.

In reply, Federal reasserts that Ramaco's previous waiver is binding and argues that the mandate rule does not revive a waived claim. Defs.' Reply at 1-7. More specifically, Federal argues that because the Fourth Circuit discussed the jury's $25,000,000 award as just "aggravation and inconvenience" damages, Ramaco's "waiver of net economic loss damages was thus not remanded to this Court because (1) it was accepted (and not challenged) by all parties on appeal, and (2) the Fourth Circuit impliedly recognized the waiver in concluding that Ramaco could not have suffered $25 million worth of aggravation and annoyance." Id. at 5-6.

As it relates to whether a party can assert a waived issue on appeal, the Fourth Circuit has said that a "waiver is

---

including net economic loss damages, see ECF No. 152, at 37; and included the question of Hayseeds damages in the integrated pretrial order, see ECF No. 284, at 6.

the intentional relinquishment or abandonment of a known right." United States v. Robinson, 744 F.3d 293, 298 (4th Cir. 2014) (quoting Wood v. Milyard, 566 U.S. 463, 474 (2012)). "[W]hen a claim is waived, it is not reviewable on appeal, even for plain error. . . . A party who identifies an issue, and then explicitly withdraws it, has waived the issue." Id. (internal quotations and citations omitted). In our adversarial system, "'the benefits derived from adhering to the adversarial process' generally require that courts not revive waived issues." Wiener v. AXA Equitable Life Ins. Co., 58 F.4th 774 (4th Cir. 2023) (quoting Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006)).

Here, the court finds that Ramaco has waived its claim to damages incurred up until the first trial for the net economic loss caused by Federal's delay of payment under the policy. Though plaintiff argues it only opted to not put forth evidence on that claim, noting that its counsel said, "plaintiff does not have any further evidence on that economic loss damages," Tr. Trans. 2198-99:15, the court finds that Ramaco subsequently waived its known right to seek net economic loss damages that had been incurred. When the court explicitly sought to clarify, it had the following exchange:

> THE COURT: Now, if you're not making a claim
> for net economic loss for the delay, that's

10

>           fine; it can go simply on the basis of
>           aggravation and inconvenience.
>
>           MS. POMEROY (PLAINTIFF'S COUNSEL): That's
>           correct, Your Honor.
>
>           THE COURT: And so it's the latter?
>
>           MS. POMEROY (PLAINTIFF'S COUNSEL): Yes, sir.

Id. at 2299:10-15.

Plaintiff's counsel then did not object to a jury instruction that only asked the jury to determine "aggravation and inconvenience" damages, Tr. Trans. 2307:6-24, and indeed proposed a jury verdict form that only asked for a conclusion as to "aggravation and inconvenience" damages, Tr. Trans. 2302:21-2303:02.  Plaintiff not only explicitly waived its right to seek net economic loss damages then incurred, but also failed to raise on appeal any issue regarding the jury instruction or verdict form.

Accordingly, the court finds that plaintiff has waived its entitlement to seek damages to compensate for its net economic loss up to and until the first trial caused by defendant's delay in payment under the policy.

Because plaintiff waived that right, the mandate rule now precludes the court from allowing plaintiff to claim it upon remand.  "The mandate rule is a 'more powerful version of the law of the case doctrine,'" and it "prohibits lower courts, with

11

limited exceptions, from considering questions that the mandate of a higher court has laid to rest." Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007) (citations omitted). "The mandate rule likewise restricts the district court's authority on remand from the court of appeals. First, 'any issue conclusively decided by this court on the first appeal is not remanded,' and second, 'any issue that could have been but was not raised on appeal is waived and thus not remanded.'" Id. (citing United States v. Husband, 312 F.3d 247, 250–51 (7th Cir. 2002)). Under the mandate rule, the district court must "implement both the letter and the spirit of the . . . mandate, taking into account [the appellate court's] opinion and the circumstances it embraces." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993); see S. Atl. Ltd. P'ship of Tenn., LP v. Riese, 356 F.3d 576, 584 (4th Cir. 2004) (the district court "must attempt to implement the spirit of the mandate[,] and the court may not alter rulings impliedly made by the appellate court").

Here, though the Fourth Circuit did not explicitly rule that Ramaco had waived net economic loss damages, Ramaco waived its claim thereto at trial and did not raise the question on appeal. Though the Fourth Circuit recognized that "Hayseeds damages" typically includes net economic loss damages, its opinion in this matter effectively embraced Ramaco's waiver of its entitlement to seek such damages, analyzing the jury's award

12

only in the context of "aggravation and inconvenience damages" and remanding for a new trial thereon.  See Ramaco II at 17-20.

Inasmuch as Ramaco waived its right to seek net economic loss damages incurred before the first trial and did not raise that question on appeal, it cannot now seek such damages on remand.

However, the court notes that Ramaco did not waive its right to seek Hayseeds damages incurred as a result of any future delay by Federal in paying the amount due under the policy.  Ramaco contends that "Hayseeds damages did not stop when the first trial ended in July 2021," to the extent that it has been forced to continue litigating and "Federal continued to delay payment under the policy until October 2, 2023."  Pl.'s Resp. at 19.  As discussed further below, Hayseeds established a public policy under which an insured can broadly claim damages incurred as a result of any delay by an insurer in paying an amount owed under a policy.  Accordingly, Ramaco did not waive, and thus retains, its entitlement to the full scope of Hayseeds damages incurred for net economic loss and aggravation and inconvenience damages, if any, between the Jury's Hayseeds verdict on July 15, 2021, and eventual payment on October 2, 2023, as well as aggravation and inconvenience damages prior to July 15, 2021.

A.   Scope of Discovery

As to discovery for trial upon remand, Federal had previously argued that no additional discovery is necessary and that "Ramaco is not entitled to a do-over of discovery upon remand." See Defs.' Resp. to Sch. Conf. Request at 1, ECF No. 424. In recent briefing, defendants softened their position, arguing that when a mandate issues which neither requires nor prohibits additional discovery, the trial court has discretion as to whether or not to reopen discovery. Defs.' Notice at 6. Here, Federal urges that "to the extent the Court decides to reopen discovery on the issue of Hayseeds damages, Ramaco should be limited to its prior disclosures and temporal scope." Id.

Ramaco argues that, "[t]o promote a fair and efficient" retrial, the court "should allow the presentation of new witnesses and evidence" on the whole scope of possible Hayseeds damages. Pl.'s Resp. at 17-18. Ramaco additionally argues that "[t]o avoid manifest injustice," it must be able to offer additional witness testimony in part because "Hayseeds damages did not stop when the first trial ended in July 2021" because Federal continued to delay payment under the policy" until the Fourth Circuit's mandate issued on October 2, 2023. Id. at 19.

In its reply, Federal reasserts its original argument that "[b]ecause Ramaco waived its claim for net economic loss damages, and is thus prevented from raising it anew," the court should not provide for any additional discovery. Defs.' Reply at 7. Though, Federal notes, it "is not seeking to limit Ramaco to present the same evidence it presented in the first trial," but rather requests that Ramaco be limited to "presenting witnesses and evidence already disclosed and produced." Id.

The court has already found that Ramaco waived its claim for net economic loss damages incurred prior to the original trial, and now concludes that discovery is not needed for aggravation and inconvenience damages through July 15, 2021.

The court further finds that a brief discovery period, limited to Hayseeds damages, defined here as "damages for net economic loss caused by the delay in settlement as well as an award for aggravation and inconvenience" incurred between July 15, 2021, and October 2, 2023, is warranted.

### III. Conclusion

Inasmuch as discovery has already occurred for Hayseeds damages prior to the first trial and Ramaco waived net economic loss damages for that period, Ramaco may only present aggravation and inconvenience evidence for damages for that

15

period and is limited to the same evidence and witnesses already disclosed. Ramaco may not present any evidence of net economic loss damages incurred prior to July 15, 2021. No further discovery as to <u>Hayseeds</u> damages incurred prior to the first trial shall be permitted.

Ramaco is entitled to <u>Hayseeds</u> damages incurred between July 15, 2021, and October 2, 2023, for net economic loss and aggravation and inconvenience, and both parties may conduct discovery and present evidence and witnesses as to the same. The court will issue a scheduling order leading to trial on remand.

The court will address the attorneys' fees portion of <u>Hayseeds</u> damages after the conclusion of litigation on the merits of the above matters.

The Clerk is directed to transmit copies of this order to counsel of record and any unrepresented parties.

ENTER: August 19, 2024

John T. Copenhaver, Jr.
Senior United States District Judge