IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**RAMACO RESOURCES, LLC,**

      **Plaintiff,**

**v.**                                   **Case No.: 2:19-cv-00703**

**FEDERAL INSURANCE COMPANY, and
ACE AMERICAN INSURANCE COMPANY,**

      **Defendants.**


**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendants' Motion to Compel (concerning Defendants' First Set of Combined Discovery Requests) and Second Motion to Compel (concerning Defendants' Second Set of Combined Discovery Requests). (ECF Nos. 496, 500). Having fully considered the motions and the parties' briefs, the Court **GRANTS**, **in part**, and **DENIES**, **in part**, the motions as follows.  The parties shall bear their own costs and attorneys' fees associated with the motions and any discovery compelled by this Order.

## I.    Relevant Facts

In November 2018, a coal silo at the Elk Creek Mining complex operated by Plaintiff Ramaco Resources, LLC ("Ramaco"), collapsed. Defendant Federal Insurance Company ("Federal"), which used Defendant ACE American Insurance Company for claims handling, denied Ramaco's insurance claim for the losses. Ramaco sued Defendants for breach of contract and bad faith. The matter was tried before a jury in a

12-day bifurcated trial. In the first phase, the jury awarded Ramaco $7.6 million in contract damages and prejudgment interest. (ECF No. 405 at 3). In the second phase, the jury awarded Ramaco $25 million under West Virginia's *Hayseeds* doctrine, which permits an insured party to claim consequential damages when it prevails after suing to collect on its insurance policy. (*Id*.).

After the trial, the District Court reduced Ramaco's contract damages and interest to $1.8 million and rejected the *Hayseeds* damages as a matter of state law. (*Id*.) The District Court also conditionally granted a new trial on the *Hayseeds* damages, reasoning that—even if *Hayseeds* damages were theoretically permissible—the jury's $25 million award was punitive and invalid. (*Id*.) Ramaco appealed to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), which reversed the district court's reduction of contract damages and prejudgment interest because the insurance policy's plain language and the trial evidence support the jury's original $7.6 million award. (*Id*.) The Fourth Circuit reversed the District Court's wholesale rejection of *Hayseeds* damages but affirmed its conditional grant of a new *Hayseeds* damages trial as the District Court reasonably concluded that the amount awarded was punitive. (*Id*.).

On remand, the District Court concluded that Ramaco had "waived its right to seek net economic loss damages incurred before the first trial," but that it "did not waive its right to seek *Hayseeds* damages incurred as a result of any future delay by Federal in paying the amount due under the policy." (ECF No. 442 at 13). Thus, the Court narrowed the scope of retrial to economic loss caused by Federal's delay in payment between the date of the jury's verdict on July 15, 2021, and the date that Federal paid Ramaco the contract damages on October 2, 2023. Ramaco is also claiming aggravation and inconvenience damages for the entire period from Federal's denial of the insurance claim

to Federal's payment of the awarded damages on October 2, 2023. The Court authorized a "brief discovery period, limited to . . . damages for net economic loss caused by the delay in settlement as well as an award for aggravation and inconvenience incurred between July 15, 2021 and October 2, 2023." (*Id.* at 15).

As relevant to the pending discovery motions, Ramaco asserted in its September 2024 expert disclosures a theory concerning its net economic loss damages. According to Ramaco, Defendants' denial of its insurance claim in 2019 caused it to halt development of a new coal mine termed the Eight Kay mine (formerly known as the Turkeypen mine) at the Elk Creek Complex. Ramaco claims that, if Defendants not denied the claim, the Eight Kay Mine would have been operating and generated nearly 500,000 tons of coal from July 15, 2021 to October 2, 2023. According to Ramaco's expert, Ramaco suffered net economic loss of $38 million to $70 million due to the Eight Kay Mine not operating during that period.

## II.  **Relevant law**

Rule 26(b)(1) of the Federal Rules of Civil Procedure outlines the scope of discovery:

> [U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Becton, Dickinson & Co. v. BioMedomics, Inc.*, No. 5:20-CV-536-

FL, 2021 WL 3864476, at *3 (E.D.N.C. Aug. 30, 2021) (citations omitted). Yet, even if seeking relevant information, the discovery request must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Although Rule 26(b)(1)'s relevance inquiry does not, itself, pose a high bar, however, its proportionality requirement mandates consideration of multiple factors in determining whether to allow discovery of even relevant information. The factors include: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Ceresini v. Gonzales*, No. 3:21-CV-40, 2022 WL 628520, at *3 (N.D.W. Va. Mar. 3, 2022).

Further, this Court holds that "fishing expeditions" which exceed the boundaries of the complaint and are purely based on unsupported speculation are improper. *Philips N. Am. LLC v. Probo Med. LLC*, No. 2:21-CV-00298, 2022 WL 17793491, at *3 (S.D.W. Va. Dec. 19, 2022) (citing *Cuomo v. Clearing House Assn.*, LLC, 557 U.S. 519, 531 (2009) ("Judges are trusted to prevent 'fishing expeditions or an undirected rummaging through ... records for evidence of some unknown wrongdoing."))

A party dissatisfied with a discovery response or lack of response can move for an order compelling disclosure or discovery after conferring or attempting to confer with the party that submitted the response or failed to respond. Fed. R. Civ. P. 37(a). Importantly, the party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *Tinsley v. OneWest Bank, FSB*, No. 3:13-CV-23241, 2014 WL 7005852, at *2 (S.D.W. Va. Dec. 10, 2014) (citations omitted). As such, conclusory and unsubstantiated allegations are simply insufficient to support discovery objections based on the grounds

of annoyance, burdensomeness, oppression, or expense. *Id*.

## III.   **Discussion**

On March 7, 2025, the parties filed a Joint Discovery Status Update, indicating which issues addressed in the motions to compel are resolved and which issues remain for the Court's resolution. (ECF No. 513). The following issues are still in dispute.

### A. *First Set of Discovery Requests*

- **Documents regarding Elk Creek mines – Request for Production Nos. 19, 21, 22, 23, 24, 25, 26, First Set**

Defendants seek production of the following documents:

RFP 19. Produce all documents regarding the development, financing of, production from, and sales from all mines at the Elk Creek Mining Facility, including but not limited to the Ram 1 Surface & Highwall Mine, the 2Gas Mine (section one and section two), the Stonecoal Alma Mine, the Rockhouse Eagle Mine, and the Crucible Mine.

RFP 21. Produce all communications regarding the development, construction of, production from, and sales from, the Ram 1 Surface & Highwall Mine at Elk Creek.

RFP 22. Produce all communications regarding the development, construction of, production from, and sales from, the 2Gas Section 1 mine at Elk Creek.

RFP 23. Produce all communications regarding the development, construction of, production from, and sales from, the 2Gas Section 2 mine at Elk Creek.

RFP 24. Produce all communications regarding the development, construction of, production from, and sales from, the Stonecoal Alma mine at Elk Creek.

RFP 25. Produce all communications regarding the development, construction of, production from, and sales from the Rockhouse Eagle mine at Elk Creek.

RFP 26. Produce all communications regarding the development, construction of, production from, and sales from the Crucible mine at Elk Creek.

(ECF No. 496-1 at 9).

In response to the motion to compel, Ramaco aptly points out that these requests for production are duplicative of other discovery requests, which it compares as follows:

> [...] RFP No. 4 seeks all documents and communications about debt or financing, while RFP Nos. 19, 21 – 25 seek all documents and communications about Elk Creek financing. RFP No. 7 seeks production reports, RFP No. 17 seeks all documents regarding clean tons per foot, and RFP Nos. 19, 21 – 26 seek all documents and communications about Elk Creek production. Further, RFP No. 8 seeks all sales reports, RFP No. 9 seeks all documents related to coal sales, RFP No. 16 seeks all communications regarding the availability coal transportation from West Virginia facilities, and RFP Nos. 19, 21 – 26 seek all documents and communications related to Elk Creek sales.

(ECF No. 503 at 8).

> RFP 4. Provide all documents, including communications, related to any asset sales, acquisitions, and mergers entered into or completed by Ramaco Resources, LLC, its parents, affiliates, or subsidiaries, for the years 2019, 2020, 2021, 2022, and 2023, whether completed or not.
>
> RFP 7. Provide your production reports, monthly and annual, for Ramaco Resources, LLC, and its parents, affiliates or subsidiaries for the years 2019, 2020, 2021, 2022, and 2023.
>
> RFP 8. Provide all sales reports, monthly and annual, for Ramaco Resources, LLC, and its parents, affiliates or subsidiaries for the years 2019, 2020, 2021, 2022, and 2023.
>
> RFP 9. Provide all documents related to sales of coal and coal byproduct produced by Ramaco Resources, LLC, and its parents, affiliates or subsidiaries for the years 2019, 2020, 2021, 2022, and 2023.
>
> RFP 16. Produce all communications regarding availability of coal transportation from your West Virginia coal facilities for the years 2019, 2020, 2021, 2022, and 2023.
>
> RFP 17. Produce all documents regarding the clean tons per foot for coal produced from your West Virginia facilities for the years 2019, 2020, 2021, 2022, and 2023.

(ECF No. 496-1 at 7-8).

Pursuant to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, the Court must, upon its own initiative or motion, limit the frequency or extent of discovery if it determines that the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C). Ramaco has satisfied its burden, as the party resisting discovery, of establishing that the discovery sought is duplicative of other requests. Ramaco asserts that it has produced tens of thousands of documents related to Elk Creek development, construction, financing, and sales. (ECF No. 503 at 8-9). Also, Ramaco represents that it will produce the documents specifically mentioned in Defendants' motion to compel. (*Id*. at 9).

In reply, Defendants reiterate their arguments that the discovery sought is relevant and proportional, but they do not rebut Ramaco's contention regarding the duplicitous nature of the requests. (ECF No. 506). Reviewing the information provided, the Court finds that the requests are unreasonably cumulative, and most of the discovery sought can be or will be obtained from other sources, including Ramaco's responses to other discovery requests. Considering all of the relevant factors, including relevance and proportionality, the Court **DENIES** Defendants' motion to compel concerning Request for Production of Documents Nos. 19, 21, 22, 23, 24, 25, and 26 from its First Set of Combined Discovery Requests.

- **Documents regarding assets, sales, acquisitions, and mergers – Request for Production No. 4, First Set**

RFP 4. Provide all documents, including communications, related to any asset sales, acquisitions, and mergers entered into or completed by Ramaco Resources, LLC, its parents, affiliates, or subsidiaries, for the years 2019, 2020, 2021, 2022, and 2023, whether completed or not.

(ECF No. 496-1 at 7).

Through the meet and confer process, Defendants agreed to limit this request to specific acquisitions and custodians. (ECF Nos. 496 at 15, 496-7 at 2). Defendants asked Ramaco to search for the following terms: "McDonald," "Amonate," and "Maben." (ECF No. 506 at 10). As to relevance, they explain that "Ramaco spent significant effort seeking to acquire the McDonald property, sometimes referred to as the Brinks lease, because it contained valuable reserves adjacent to the Elk Creek Complex and affected Ramaco's ability to mine at Elk Creek." (ECF No. 496 at 15). Therefore, Defendants contend that the McDonald acquisition possibly affected the development of the Elk Creek Complex. (*Id.*). They further assert that, "[w]ith respect to both Amonate and Maben, these are two significant acquisitions that occurred both while Ramaco was deciding not to construct the Eight Kay Mine and during the allowed period for net economic loss damages." (*Id.*).

The Court finds that the discovery sought is relevant to Ramaco's alleged *Hayseeds* damages. Defendants have established that information concerning the McDonald, Amonate, and Maben acquisitions are relevant because they might have influenced Ramaco's decisions regarding the Eight Kay mine. Conversely, Ramaco has not satisfied its burden of resisting discovery of this information. Although Ramaco must search for documents from various sources, Ramaco has not shown that the burden is disproportionate to the needs of the case. (ECF No. 503-5). Ramaco has asserted a considerable *Hayseeds* claim, and Defendants are entitled to discovery of information relevant to their defense. Considering relevance and proportionality, the Court **GRANTS** Defendants' motion to compel concerning Request for Production of Documents No. 4 from its First Set of Combined Discovery Requests, but limits the scope to the McDonald, Amonate, and Maben acquisitions.

- **Documents regarding unsold coal – Request for Production No. 27, First Set**

RFP 27. Produce all communications and documents regarding unsold volumes of coal at each of your West Virginia mining complexes for 2019, 2020, 2021, 2022, and 2023.

(ECF No. 496-1 at 9).

Defendants explain that they seek information regarding unsold coal because it is clear from Ramaco's Board meeting minutes that Ramaco considered its volumes of unsold coal when deciding its budget or determining whether to adjust its capital expenditures. (ECF No. 496 at 17). Thus, Defendants argue that factors such as whether Ramaco was having trouble placing unsold coal or if prices were too low, Ramaco could decide to idle a mine or hold off on new development like the Eight Kay mine. (*Id*.).

Ramaco opposes producing any further documents because "with the exception of the time period that it could not produce and process coal as desired due to the silo failure, there was no coal mined at Elk Creek that Ramaco could not sell, in time." (ECF No. 503 at 19). Ramaco also argues that this request is largely moot given its production of unsold and committed coal worksheets, records of volumes of coal temporarily stored in stockpiles, and trucking documents showing the volumes of coal that it moved. (*Id*.). Ramaco agrees to produce the sales/marketing reports presented to the Board from 2019 to 2023 and states that any decisions regarding idling a mine or holding off on new development would be reflected in the meeting minutes, annual budgets, SEC filings and other investor materials, Board presentations, and letters. (*Id*.). According to Ramaco, producing *all* communications and documents regarding unsold coal that are responsive to this request would require it to expend thousands of hours and the heavy burden of

that production outweighs the questionable relevance of the discovery sought. (*Id*.); *see also* (ECF No. 503-5).

In reply, Defendants contend that the 28 spreadsheets that Ramaco produced, which appear to reflect unsold volumes of coal, are detached from any analysis or custodian. (ECF No. 506 at 13). Defendants seek the contemporaneous communications, namely the emails to which these reports were attached, that discuss the reports. (*Id*.). They implore that, when the crux of Ramaco's damages claim relates to its ability to sell coal, production of the attendant communications is necessary and not sufficiently replaced by Board Minutes and raw data. (*Id*.).

The Court agrees with Defendants' position that the communications regarding the unsold coal reports might contain further analysis, frank discussions, and other relevant information concerning Ramaco's unsold coal. However, the breadth of the request concerning all documents and communications is disproportionate to the needs of the case. The Court **GRANTS** Defendants' motion to compel concerning Request for Production of Documents No. 27 from its First Set of Combined Discovery Requests as limited to production of emails to which the previously produced unsold coal reports were attached.

### B. Second Set of Discovery Requests

- **Meeting minutes – Request for Production No. 2, Second Set**

RFP 2. Produce all meeting minutes from meetings of your Board of Directors from 2015 to 2023.

(ECF No. 500-1 at 5). There are two issues that remain regarding this discovery request, the pre-2018 Board Minutes and the Committee Minutes. Thus, the issues are addressed separately.

o  **Pre-2018 Minutes**

Ramaco argues that it searched for responsive documents and (1) did not locate any Minutes before December 2016, (2) the Minutes from December 2016 through 2017 do not relate to or reference development of the Eight Kay mine, and (3) the Board letters and presentations from December 2016 to 2017 do not reference development of the Eight Kay mine. (ECF No. 508 at 8). Thus, Ramaco finds the sought after pre-2018 Minutes and materials to be irrelevant and disproportionate to the needs of the case. (*Id*. at 8-11).

Given Defendants' representation that the Eight Kay mine was conceived of and permitted from 2016 to 2017, (ECF No. 509 at 6), the Court finds that Minutes from December 2016 through 2017 could contain relevant information that bears on damages for the Allowed Period of July 15, 2021 to October 2, 2023. Although Ramaco reviewed the pre-2018 Minutes and determined that they did not concern the Eight Kay mine, Defendants' interpretation of what information relates to or references development of the Eight Kay mine might differ from Ramaco's. For example, the Minutes might not explicitly reference the Eight Kay mine but instead discuss future development in general, which Defendants could argue included the Eight Kay mine. The Court finds that this information is discoverable and not overly burdensome to produce given the brief time period.

There is also a dispute between the parties concerning the scope of the request. Defendants argue that any materials attached to and incorporated by reference in Ramaco's Minutes are, by definition, part of the Minutes that should be produced. (ECF No. 509 at 5). Ramaco argues that production of the attached or referenced documents goes beyond the scope of the request, but it nonetheless agreed to produce certain documents regarding the 2018 through 2023 Minutes. (ECF No. 508 at 7). Although the

request could have been more carefully articulated or defined, the Court finds that the same guidelines are reasonable and warranted regarding the pre-2018 Minutes, which should be produced.

o **Committee Minutes**

Defendants state that Ramaco's Board of Directors is comprised of various subcommittees that guide Ramaco's actions. (ECF No. 509 at 8). They consider subcommittee Minutes to be responsive to their request for Board Minutes. In their Motion to Compel, Defendants agreed to limit the request to Minutes from the Audit Subcommittee and the Investment and Finance Subcommittee, along with all materials attached to or incorporated by reference in the Minutes produced. (*Id*. at 9). Ramaco agreed to produce certain documents within those parameters, and Defendants may withdraw this request pending review of Ramaco's forthcoming supplemental production. Therefore, the dispute concerning subcommittee Minutes might be resolved. To the extent that the issue is not resolved, the Court will order production of the limited subcommittee Minutes.

Overall, the Court **GRANTS** Defendants' motion to compel concerning Request for Production of Documents No. 2 from its Second Set of Combined Discovery Requests as limited to: (1) the Board Minutes from December 2016 through 2017, including all documents which were attached to and referenced in the December 2016 through 2017 Minutes, and (2) subcommittee Minutes within the parameters agreed upon by the parties.

- **Attorneys' Fees Documents – Request for Production No. 3, Second Set**

RFP 3. Produce all documents concerning the attorneys' fees referenced in your response to Interrogatory No. 3.

(ECF No. 500-1 at 5) (In Interrogatory No. 3, Defendants asked Ramaco to identify the net economic loss damages that it allegedly sustained between July 15, 2021 and October 2, 2023).

Ramaco argues that Defendants' request for documents concerning attorneys' fees is premature, as the attorneys' fees portion of the *Hayseeds* damages will be addressed after the conclusion of litigation. (ECF No. 508 at 13). Defendants respond that Ramaco placed the attorneys' fees at issue and within the realm of discoverable information because it includes attorneys' fees in its alleged net economic loss damages. (ECF No. 509 at 10).

In the second supplemental response cited by Defendants, Ramaco stated "that it will not ask the jury in the forthcoming *Hayseeds* damages trial to calculate the amount of attorney's fees that Federal owes Ramaco under *Hayseeds* or to award Ramaco its attorney's fees," and "Ramaco also does not plan to blackboard a number for its attorney's fees and expenses at trial." (ECF No. 500-5 at 10). However, Ramaco explained that it "otherwise reserves its right to present evidence about the annoyance, inconvenience, aggravation, and net economic loss that Federal inflicted on Ramaco related to this litigation, including but not limited to the fact that Federal has forced Ramaco to hire lawyers, endure years of protracted litigation through at least two trials and an appeal, and negotiate a payment plan with its lawyers prior to the first trial." (*Id.*).

The District Court will indeed address the "attorneys' fees portion of *Hayseeds* damages after the conclusion of litigation on the merits." (ECF No. 442 at 15). Yet, if Ramaco intends to argue at trial that the facts of hiring lawyers, enduring protracted litigation, and having to enter into a payment plan in order for its insurer to pay for the

loss caused it annoyance, inconvenience, aggravation, and net economic loss, then Defendants are clearly entitled to discovery to defend against those claims. For example, if Ramaco intends to offer a witness to testify regarding a payment plan that it entered into with its lawyers, it would be unjust not to allow Defendants some discovery regarding that payment plan.

As worded, this discovery request casts a wide net that is certain to capture irrelevant information that is disproportionate to the needs of the case. For example, Ramaco would be forced to produce each and every legal bill and document related to a legal bill from July 15, 2021, to October 2, 2023. This level of discovery regarding attorneys' fees would not benefit either party at this stage of litigation. Therefore, considering the relevant factors, the Court will allow a limited scope of discovery on this topic that it finds to be within the parameters defined by the District Court. The Court **GRANTS** Defendants' motion to compel concerning Request for Production of Documents No. 3 from its Second Set of Combined Discovery Requests as limited to only the responsive documents which Ramaco intends to reference, rely on, or offer as evidence at trial.

The Court **ORDERS** Ramaco to produce any discovery compelled by this Order on or before **April 4, 2025**. The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented parties.

**ENTERED**: March 24, 2025

Joseph K. Reeder
United States Magistrate Judge