```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**RAMACO RESOURCES, LLC,**

       Plaintiff,

v.                                               Civil Action No. 2:19-cv-00703

**FEDERAL INSURANCE COMPANY; and**
**ACE AMERICAN INSURANCE COMPANY,**

       Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending is Defendants' Motion to Strike Expert Disclosures, filed November 8, 2024, by defendants Federal Insurance Company and Ace American Insurance Company (collectively, "Federal"), (ECF No. 456), ("Defs.' Motion").

The plaintiff, Ramaco Resources, LLC ("Ramaco"), filed its Response in Opposition to Defendants' Motion to Strike Expert Disclosures on November 22, 2024, (ECF No. 465) ("Pl's Resp."), to which Federal replied on November 29, 2024, (ECF No. 467) ("Defs.' Reply").

          I.    <u>**BACKGROUND**</u>

The factual and procedural background of this action at this stage is set forth in the court's August 19, 2024, memorandum opinion and order.  <u>See</u> Mem. Op. and Order, ECF No.

442. Therein, the court found that Ramaco had waived its known right to seek damages incurred up until the first trial for <u>Hayseeds</u> net economic loss caused by Federal's delay of payment under the policy. <u>Id.</u> at 10-11. Applying the mandate rule, the court determined that it is precluded from allowing Ramaco to claim that right on remand. <u>Id.</u> at 11 (citing <u>Doe v. Chao</u>, 511 F.3d 461, 465 (4th Cir. 2007)).

The court explained that, "though the Fourth Circuit did not explicitly rule that Ramaco had waived net economic loss damages, Ramaco waived its claim thereto at trial and did not raise the question on appeal." <u>Id.</u> at 12. The court added that,

> Ramaco did not waive, and thus retains, its entitlement to the full scope of <u>Hayseeds</u> damages incurred for net economic loss and aggravation and inconvenience damages, if any, between the Jury's <u>Hayseeds</u> verdict on July 15, 2021, and eventual payment on October 2, 2023, as well as aggravation and inconvenience damages prior to July 15, 2021.

<u>Id.</u> at 13 (citing <u>Hayseeds, Inc. v. State Farm Fire & Cas.</u>, 352 S.E.2d 73 (W. Va. 1986)). The court further found that, "a brief discovery period, limited to <u>Hayseeds</u> damages, defined here as 'damages for net economic loss caused by the delay in settlement as well as an award for aggravation and

inconvenience' incurred between July 15, 2021, and October 2, 2023, is warranted." Id. at 15.

Thereafter, on September 19, 2024, Ramaco filed a certificate of service memorializing that it had served upon defense counsel its Rule 26 expert witness disclosure. ECF No. 444. Defendant then filed the motion to strike, submitting that Ramaco's expert disclosures were outside the scope of remand and otherwise untimely. Defs.' Motion at 1.

## II. ANALYSIS

Through its expert disclosures, Ramaco revealed its pursuit of discovery regarding the delayed development of a new mine at the Elk Creek Complex, the Eight-Kay 2Gas Deep Mine ("Eight Kay Mine"), that, had Federal timely paid the insurance claim, would have been developed in 2019 and fully operational and producing coal during the Allowed Period of July 15, 2021 to October 2, 2023. Pl.'s Resp. at 5-6.

Federal objects to Ramaco's disclosures of three Ramaco executives whom Ramaco identified as hybrid fact and expert witnesses: Chris Blanchard, Ramaco's Executive Vice President for Mine Planning and Development and Chief Operating Officer; Jason Fannin, Ramaco's Executive Vice President and Chief Commercial Officer; and Jeremy Sussman, Ramaco's Chief

3

Financial Officer; and their testimony about damages related to the Eight Kay Mine. Defs.' Motion at 8. Federal further objects to Ramaco's disclosure of one expert witness, Seth Schwartz, and his testimony regarding Ramaco's net economic losses related to the delayed development of the Eight Kay Mine. Id. at 10. Federal contends that through these four witnesses and their testimony about the Eight Kay Mine, Ramaco is introducing "an entirely new theory of damages that could have been disclosed in the original discovery period from December 2019 to August 2020," which is beyond the scope of the court's August 19, 2024, order. Id. at 8, 11.

Federal emphasizes that, until remand, Ramaco has never brought up the failure to build the Eight Kay Mine throughout the years-long litigation in this case. Federal contends that the nearly $70 million damages now alleged to have stemmed from the delayed development of the Eight Kay Mine still relies exclusively on Federal's original denial of the insurance claim and thereby constitutes the net economic loss damages waived by Ramaco at trial. Id. at 10-13. In effect, Federal asks the court to reconsider the decision made in the order of August 19, 2024. The court finds no sufficient reason to do so.

Ramaco may proceed within the limitations set forth in the court's conclusion in its August 19, 2024 order:

4

>    Inasmuch as discovery has already occurred for Hayseeds damages prior to the first trial and Ramaco waived net economic loss damages for that period, Ramaco may only present aggravation and inconvenience evidence for damages for that period and is limited to the same evidence and witnesses already disclosed. Ramaco may not present any evidence of net economic loss damages incurred prior to July 15, 2021. No further discovery as to Hayseeds damages incurred prior to the first trial shall be permitted.
>
>    Ramaco is entitled to Hayseeds damages incurred between July 15, 2021, and October 2, 2023, for net economic loss and aggravation and inconvenience, and both parties may conduct discovery and present evidence and witnesses as to the same.

Mem. Op. and Order, ECF No. 442 at 16.

## IV. CONCLUSION

Pursuant to the foregoing, Federal's motion to strike Ramaco's Rule 26 expert disclosures on the grounds set forth in the motion is DENIED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

> ENTER: April 25, 2025
>
> _____
> John T. Copenhaver, Jr.
> Senior United States District Judge