UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

RAMACO RESOURCES, LLC,

      Plaintiff,

v.                                    Civil Action No. 2:19-cv-00703

FEDERAL INSURANCE COMPANY; and
ACE AMERICAN INSURANCE COMPANY,

      Defendants.

ORDER

      Pending is plaintiff's motion to exclude the expert testimony of John L. Weiss, ECF No. 563, filed May 1, 2025. Defendants filed a response, ECF No. 576, on May 8, 2025, and plaintiff filed its reply, ECF No. 603, on May 15, 2025. Ramaco seeks to exclude Mr. Weiss's testimony on three grounds.

      First, Ramaco argues that Mr. Weiss's opinion that Ramaco could have financed the Eight Kay Mine is not based on a reliable methodology. See ECF No. 563 at 1. Mr. Weiss stated in his report that he "strongly disagree[s] that an entity such as Plaintiff was simply unable to procure financing to support" development of the Eight Kay Mine. Defs.' Res. to Pl.'s Mot. to Exclude the Opinions of John Weiss, ECF No. 576, Ex. B (John Weiss Expert Report) at 8. It is his opinion, based on his experience with various coal traders, financial participants,

and entrepreneurs, that "a broad mix of industry participants
would have regarded Plaintiff and the planned development of the
Eight Kay Mine as a compelling investment target." Id. at 9-10.
Such "entities would have structured competitive offers to
provide the initial liquidity for the Eight Kay Mine in return
for some participation in the project." Id. Ramaco argues that
this opinion must be excluded because Mr. Weiss did not identify
any specific financiers whom he claims would have been
interested in the project, and because he did not review
Ramaco's Credit Security Agreement, which bars Ramaco from
pledging collateral absent Key Bank's written consent. See
Pl.'s Mot. to Exclude Opinions of John Weiss, ECF No. 563, at
10-14.

Second, Ramaco similarly argues that Mr. Weiss's opinion
that Ramaco could have hired an independent underground
contractor to mine Eight Kay lacks evidentiary support and was
formed without an underlying methodology. Mr. Weiss stated in
his report that it was his opinion that "Plaintiff had the
option of utilizing an underground coal mining contractor to
minimize the initial development cost of the Eight Kay Mine."
John Weiss Expert Report at 10. Ramaco again argues that Mr.
Weiss performed no analysis to support this opinion and did not
identify any specific contractors who would have been able and

willing to do the work.  See Pl.'s Mot. to Exclude Opinion of John Weiss, ECF No. 563, at 15.

Third, Ramaco argues that Mr. Weiss's opinion that the Eight Kay Mine has simply been "deferred" was formed without the use of an underlying methodology and is unreliable.  Id.  Mr. Weiss stated in his report that because Ramaco still owns the Eight Kay reserves and plans to open the mine, any "'lost' cash flow on such claimed tonnage is not actually lost, but is instead deferred until a future date when coal can be mined and sold."  John Weiss Expert Report at 10.  Ramaco argues that this opinion must be excluded because "Mr. Weiss did not perform any analysis of the profitability of the Eight Kay Mine if installed after 2019[,]" nor has he opined on the price at which Ramaco might be able to sell the coal or the cost of developing the Eight Kay Mine in the future.  See Pl.'s Mot. to Exclude Testimony of John Weiss, ECF No. 563, at 17.

Federal Rule of Evidence 702 provides that a qualified expert's testimony is admissible if it will assist the trier of fact and is (1) "based upon sufficient facts or data," (2) "the product of reliable principles and methods," and (3) "the principles and methods [have been applied] reliably to the facts of the case." Fed. R. Evid. 702(b)-(d); see United States v. McLean, 715 F.3d 129, 144 (4th Cir. 2013). "Admissibility of such testimony is governed by a two-part test: the evidence is

admitted if 'it rests on a reliable foundation and is relevant.'" Coleman v. Union Carbide Corp., No. 2:11-0366, 2013 WL 5491855, *17 (S.D.W. Va. Sept. 30, 2013) (quoting Daubert v. Merrell Dow Pharm., 509 U.S. 579, 597 (1993)).  "Neither Rule 702 nor case law establish a mechanistic test for determining the reliability of an expert's proffered testimony." Coleman, 2013 WL 5461855, at *17. Instead, "'the test of reliability is flexible' and 'the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination.'" United States v. Wilson, 484 F.3d 267, 274 (4th Cir. 2007) (quoting Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141-42 (1999)).

The Fourth Circuit, quoting the advisory committee's note to Fed. R. Evid. 702, notes that just because expert testimony rooted in an expert's experience "does not 'rely on anything like a scientific method'" does not mean that "'experience alone — or experience in conjunction with other knowledge, skill, training, or education, may not provide a sufficient foundation for expert testimony.  To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience.'"  United States v. Wilson, 484 F.3d 267, 274 (4th Cir. 2007) (quoting Fed. R. Evid. 702 advisory committee's note).

Plaintiff acknowledges that "Mr. Weiss has more than 35 years of coal mining experience coupled with extensive expertise in analyzing coal mining assets, markets, and operations." <u>See</u> Pl.'s Mot. to Exclude Testimony of John Weiss, ECF No. 563, at 2. Thus, "Ramaco does not contend that Mr. Weiss lacks qualifications to render the opinions he presented in his Report regarding mining operations." <u>Id.</u> Rather, the crux of plaintiff's motion to exclude Mr. Weiss's opinions is that he did not perform any analysis regarding the financiers and contractors he claims were available to Ramaco in 2019 and did not review Ramaco's Credit and Security Agreement, which Ramaco asserts undermines Mr. Weiss's opinions.

Mr. Weiss's opinion that "a broad mix of industry participants" would have been available and interested in investing in the Eight Kay Mine, as well as his opinion that Ramaco could have hired an independent contractor to open the mine, is relevant and rests on a reliable foundation. Regarding financiers, Mr. Weiss testified that he worked with many companies "seeking metallurgical coal production sites" during the 2015-2020 period such as "Xcoal, Javelin, Traffigura, Glencore, Mercuria, Marubeni, [and] Mitsubishi." ECF 576, Ex. D (John Weiss Dep. Tr., January 27, 2025) at 166:3-9. Mr. Weiss further testified that he did not inquire as to the interest any potential financiers might have had in the Eight Kay Mine

because he did not want to run afoul of the Protective Order issued in this case.  See id. at 228:18-24, 229:1-2.  Ramaco has identified the entirety of its Rule 26 Expert Disclosures as "confidential."  Regarding independent contractors, Mr. Weiss testified that utilizing an independent contractor would have been a way for Ramaco to minimize its upfront capital expenditures, and that "if capital expenditure was the issue that was pressing to Ramaco and missing $8 million, I would have expected them to have pursued that at the time."  Id. at 206:7-10.  Thus, his opinions as to the availability of potential financiers, and the possibility of hiring a contractor, are based on his industry experience as contemplated by FRE 702.

The reliability of Mr. Weiss's opinions is not undermined by the fact that Mr. Weiss did not review Ramaco's Credit and Security Agreement with Key Bank.  Mr. Weiss testified that, though he did not review the Credit and Security Agreement, "[it] doesn't surprise [him] in the least that they have lending agreements that are written like that[,]" and that, in his experience, even when such agreements are in place, "minds . . . come together to come up with opportunities and solutions that make sense for all parties."  Id. at 188:16-24; 189:1.  Indeed, Federal contends that Ramaco and Key Bank came to just such an arrangement when they negotiated with Key Bank to alter the terms of their revolver loan and to enter into a new equipment-

backed loan with the same.  <u>See</u> Defs.' Res. to Pl.'s Mot. to Exclude the Opinions of John Weiss, ECF No. 576, Ex. G, May 9, 2019, Presentation to Key Bank.  Additionally, contrary to Ramaco's proposition that the Credit and Security Agreement "precludes Ramaco from entering into the precise financing relationships Mr. Weiss claims it should have formed to fund the Eight Kay Mine[,]" the Agreement shows that Ramaco could have entered into such arrangements with Key Bank's written consent. <u>See</u> Pl.'s Mot. to Exclude Testimony of John Weiss, ECF No. 563 at 10; <u>id.</u> Ex. C (Credit and Security Agreement) at §§ 7.1, 7.12.

Finally, Mr. Weiss's opinion that Ramaco has not suffered any economic loss because the Eight Kay Mine has been deferred must be excluded to the extent he alleges that, assuming Federal's nonpayment caused Ramaco not to open the Eight Kay Mine in 2019, Ramaco has suffered no economic loss.  Mr. Weiss has testified that the period from July 15, 2021, to October 2, 2023, was the strongest market with the highest prices for metallurgical coal in 50 years. John Weiss Dep. Tr. January 27, 2025, at 38:10-14.  Even if Ramaco opens the Eight Kay Mine in 2027 (as it stated it will in its SEC disclosures), Ramaco would still have missed out on the opportunity to sell the Eight Kay coal during the period of historically high pricing.  <u>See</u> Defs.'

Motion for Partial Summ. J., ECF No. 561, Ex. 36 (SEC 10-K Disclosure Fiscal Year 2024) at 4.

        Accordingly, it is ordered that Ramaco's motion to exclude the expert opinions and testimony of John L. Weiss be, and hereby is, DENIED insofar as and inasmuch as Mr. Weiss is qualified to opine on whether Ramaco could have obtained financing or independent contractors for the Eight Kay Mine, but GRANTED insofar as it relates to Mr. Weiss's opinion that Ramaco has not suffered any economic loss because the Eight Kay Mine has simply been deferred.

        The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

              ENTER: December 30, 2025

              _____
              John T. Copenhaver, Jr.
              Senior United States District Judge