IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RAMACO RESOURCES, LLC,

          Plaintiff,

v.                                    CIVIL ACTION NO.   2:19-cv-00703

FEDERAL INSURANCE COMPANY, and
ACE AMERICAN INSURANCE COMPANY,

          Defendants.

ORDER

Pending before the court is Plaintiff Ramaco Resources, LLC's Motion in Limine No. 7, [ECF No. 545 at 3].

Ramaco seeks to exclude any reference, testimony, or argument (1) "related to any opinion or analysis by Defendants' designated expert witnesses, Professor Richard Riley, Jr. and John Weiss, that was not disclosed in the experts' reports" and/or (2) "based on analysis Defendants' experts claim to have performed after their reports were prepared" by Federal's experts, Richard A. Riley and John L. Weiss, and submitted to Ramaco on December 5, 2024. [ECF No. 545, at 3]. Ramaco asserts that, because the court granted a similar motion before the first trial, it should grant this motion for the *Hayseeds* damages retrial. *Id.* (citing ECF No. 208, at 3 (seeking to exclude any reference to previously undisclosed testimony or analysis from Defendants' experts); ECF No. 370, at 2 (order granting the same)). Federal objects.

In its response, Federal references Ramaco's Board-approved 2019 Budget, meeting minutes from Ramaco's Board of Directors spanning 2018 through 2023, email communications

regarding the Eight Kay Mine, and a number of emails regarding the possible flexibility of Ramaco's Credit and Security Agreement ("CSA") with KeyBank. Federal contends, without further citation, that the 2019 Budget and related Board minutes were not produced until December 20, 2024; the Eight Kay Mine emails were not produced until January 6, 2025; and the email communications with KeyBank regarding the CSA were not produced until April 4, 2025.

Despite the alleged delay in production of the above documents, Federal maintains that any discussion thereof would not require either of its experts to conduct additional analysis because neither expert changed his opinion after reviewing the documents. In fact, Federal asserts that the content of the documents only supports each expert's opinion. Nevertheless, to the extent that Federal violated Fed. R. Civ. P. 26 by failing to supplement its experts' reliance lists to include the above documents, Federal maintains that Ramaco should not be surprised or prejudiced by such failure because Ramaco not only contributed to and/or authored many of the documents, but Ramaco also prevented Federal from obtaining them any sooner by "intentionally slow walk[ing]" their production until the dates they were produced as noted above.

Ramaco does not appear to dispute that it produced Board meeting minutes and emails regarding the Eight Kay Mine after Federal's experts submitted their reports. However, Ramaco insists that it produced the 2019 Budget and many KeyBank documents well before Federal's expert report deadline.

Specifically, Ramaco claims that the 2019 Budget, designated "RamacoHYDS031891-31928," was included in a batch of discovery produced to Federal on November 20, 2024. [*See* ECF No. 612, Ex. A (email from E. Ford to M. Hissam dated Nov. 20, 2024, providing a link to "another portion of Ramaco's rolling production in response to Defendants' First Set of Combined

Discovery Requests on remand: RamacoHYDS000010-69, RamacoHYDS014088-31928"); ECF No. 513-1, at 4 (stating that on November 20, 2024, Ramaco produced to Federal RamacoHYDS000010–69, 14088–31928)]. Although neither party attaches the 2019 Budget to their briefing on this motion, independent review of the record appears to support Ramaco's claim that the 2019 Budget was included in the discovery produced on November 20, 2024. [*See* ECF No. 547-10 (designated by Federal as "Ramaco Resources 2019 Annual Budget" and spanning RamacoHYDS_031892-031928)].

Regarding KeyBank, Ramaco states that it produced "hundreds of documents detailing its relationship with KeyBank, including the Credit and Security Agreement . . ., well before [Federal's] experts prepared their reports. [*See* ECF No. 612 at 4]. But Ramaco does not explicitly dispute Federal's assertion that the email communications with KeyBank—which, according to Federal, "show the bank's willingness to work with Ramaco to redefine and massage aspects of the [CSA] that Ramaco now claims were etched in stone," [ECF No. 569 at 5]—were not produced until April 4, 2025, well after Federal's experts prepared their reports. Accordingly, the critical KeyBank documents Federal references were not produced until after Federal submitted its expert reports.

Turning to the opinions rendered in Federal's expert reports, Federal claims that, regardless of when the documents at issue were produced, none of the documents undermine the experts' opinions, and thus any discussion of the same requires no new analysis by either expert.

By way of example, Federal points to Dr. Riley's initial opinion that "Ramaco had the financial resources to open the [Eight Kay] Mine during all periods from 2019 through the second quarter of 2024." [ECF No. 569, at 7 (citing ECF No. 570-1, at 2 ("*Riley Expert Report*"))]. When

3

he prepared his report, Dr. Riley relied on, *inter alia*, representations made in Ramaco Expert Seth Schwartz's September 19, 2024 report, as well as in Ramaco's September 19, 2024 Executive Disclosure of Christopher L. Blanchard. Both Mr. Schwartz's report and Mr. Blanchard's testimony indicated that the initial capital investment to develop the Eight Kay Mine was estimated to be $8,447,250 and that this figure was included in Ramaco's 2019 Budget. *See Riley Expert Report*, at 10–11. Upon reviewing the later-produced 2019 Budget, Dr. Riley discovered that the budgeted capital expenditure for the mine was not $8 million, but only $3.047 million. [*See* ECF No. 569, at 7]. Nevertheless, Federal states that Dr. Riley's opinion is unchanged, and that he will maintain that Ramaco could have afforded to finish the mine during the relevant period, assuming that the Board-approved 2019 Budget is an accurate representation of what Ramaco believed it would cost to do at the time. *See id.*

Similarly, Dr. Riley's report drew on Ramaco's public SEC disclosures to determine that Ramaco's capital expenditures in 2019 totaled $45.7 million. *Riley Expert Report*, at 25. Upon receiving the 2019 Budget, Dr. Riley discovered that Ramaco had only budgeted to spend $30 million on capital expenditures in 2019. [ECF No. 569, at 8]. Federal maintains that discussion of this discrepancy requires no new analysis from Dr. Riley because it supports his initial opinion that Ramaco had the financial resources to open the Eight Kay Mine from 2019 through the second quarter of 2024. *See id.*, at 9.

Likewise, although Mr. Weiss's report makes no mention of Ramaco's CSA with KeyBank, he opined that he "strongly disagreed that an entity such as [Ramaco] was simply unable to procure financing to support such mine development." *Id.*, at 9. After Ramaco claimed through its rebuttal expert disclosures that the KeyBank CSA had an effect on its ability to finance the

4

Eight Kay Mine, Mr. Weiss testified during his deposition that "in his experience, a coal bank will allow deviations from the terms of an agreement for projects that promise such returns as the Eight Kay Mine." *Id.* Again, upon receiving the April 4, 2025, batch of email communications between Ramaco and KeyBank regarding adjustments to the CSA, Federal submits that those documents merely confirm Mr. Weiss's opinions. Accordingly, the 2019 Budget and the additional KeyBank emails, as described, appear to corroborate the claims of Federal's experts.

Ramaco seeks exclusion of any reference, testimony, or argument based on Dr. Riley and Mr. Weiss's review of the above documents on the basis that Federal's failure to update the reliance lists for Dr. Riley and Mr. Weiss to include those documents is neither harmless nor substantially justified.

Pursuant to Federal Rule of Civil Procedure 26(a), expert reports must contain, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them," and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 25(a)(2)(B)(i)-(ii). Rule 26(a) is enforced through Rule 37(c), which provides in part that a party who fails to provide information as required by Rule 26(a) "is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless, the Fourth Circuit has instructed district courts to consider the following factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th

Cir. 2003). The first four factors relate mainly to the harmlessness exception, while the fifth factor relates primarily to the substantial justification exception. *Id.*

Although it appears that the 2019 Budget was produced prior to Federal's expert report deadline, the *Sherwin-Williams* factors weigh in favor of allowing Federal's experts to discuss it at trial. Ramaco can hardly be surprised by the numbers in its own Board-approved budget. In addition, admission of the 2019 Budget is unlikely to disrupt the trial to the extent that it merely corroborates Dr. Riley's initial expert opinion. Although the parties appear to dispute the importance of the 2019 Budget, the costs associated with developing and operating the Eight Kay Mine are likely to bear on the issue of Ramaco's damages. Finally, while it appears that Federal's justification for its untimely disclosure is negated by the likelihood that the 2019 Budget was produced before Federal's expert report deadline, the harmlessness of the 2019 Budget to Ramaco outweighs any lack of justification, particularly in light of the importance of the 2019 Budget in evaluating the issues in this case.

As to the KeyBank emails, inasmuch as it appears undisputed that the emails regarding the flexibility of Ramaco's CSA with KeyBank were not produced to Federal until months after it submitted its expert reports, Federal's failure to disclose any reliance on these documents appears substantially justified by the discovery delay. Likewise, permitting Federal's expert to discuss the emails will not likely surprise Ramaco or disrupt trial so long as Mr. Weiss maintains the emails reinforce his existing opinion. Further, whether Ramaco might have been able to adjust the CSA or secure an additional loan from KeyBank also bears on the issue of damages. In any event, should the evidence proffered at trial veer into additional analysis or new opinions by Federal's experts, Ramaco may object.

6

Accordingly, Ramaco's Motion in Limine No. 7, **[ECF No. 545, at 3]**, is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        June 10, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

7