**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

RAMACO RESOURCES, LLC,

        Plaintiff,

v.                            CIVIL ACTION NO.   2:19-cv-00703

FEDERAL INSURANCE COMPANY, and
ACE AMERICAN INSURANCE COMPANY,

        Defendants.

**ORDER**

Pending before the court are Plaintiff Ramaco Resources, LLC's Omnibus Motion in Limine containing 16 separate motions, [ECF No. 545],[1] and eight other motions in limine filed May 1, 2025, [ECF Nos. 546, 548, 550–55]; as well as one motion in limine filed May 8, 2025, [ECF No. 583].

For the reasons stated herein, it is **ORDERED** as follows with respect to Ramaco's motions in limine:

Omnibus Motions in Limine Nos. 1-6, 8-16

Motions 1, 2, and 10 are **GRANTED** inasmuch as Federal does not oppose them.

Federal does not object to motions 3, 4, 5, 6, and 14 but requests that the court enter reciprocal orders as to each. [ECF No. 569, at 3–4, 16]. Ramaco does not oppose this request. Accordingly, motions 3, 4, 5, 6, and 14 are **GRANTED** with respect to all parties.

---

[1] The court addressed Ramaco's "omnibus" Motion in Limine No. 7 by separate Order entered this same date.

Motion 8 seeks to exclude evidence or argument suggesting Ramaco is unworthy of a recovery, or that its recovery should be limited, because it was able to continue operating as a going concern after the collapse of Silo No. 1. Federal responds that "Ramaco's claim for aggravation, annoyance, and inconvenience (as well as its claim for net economic loss damages) centers around the assertion that Ramaco was running out of money in 2019, was unable to pay its creditors, and was generally on the brink of bankruptcy." [ECF No. 569, at 10]. Motions in limine that seek exclusion of broad and unspecific categories of evidence are generally disfavored. *Bygum v. City of Montgomery*, No. 2:19-CV-00456, 2021 WL 4487610 (S.D. W. Va. Sept. 30, 2021) at 6. And such motions should be granted "only when the evidence is clearly inadmissible on all potential grounds." *Id.* at 1. Here, Ramaco seeks a broad exclusion for information that is almost certainly relevant. For example, analysis of Ramaco's claim that it could not open the Eight Kay Mine because of Federal's non-payment will rely on Ramaco's liquidity positions in 2019 and 2020, as well as the investments it did or did not make following Federal's non-payment. Accordingly, Motion in Limine 8 is **DENIED**.

In Motion 9 Ramaco seeks to preclude Federal from referring to or mentioning any Ramaco entity other than Ramaco Resources, LLC. Ramaco has clarified in their reply that they do not seek to exclude references to Ramaco, Inc., which shares administrative functions with Ramaco Resources, LLC. [ECF. No. 612, at 10]. Federal notes that the Credit and Security Agreement between Ramaco and Key Bank "is an agreement between Key Bank and six different Ramaco entities, including Ramaco Resources, Inc." [ECF No. 569, at 12]. As the Key Bank agreement will be relevant at trial, the motion is **DENIED**.

2

Motion 11 regarding the exclusion of argument or testimony related to mine safety, accidents, incidents roof falls, and methane ignitions is **DENIED** inasmuch as the occurrence of one of these events in the process of opening the Eight Kay Mine may bear on Ramaco's *Hayseeds* damages for net economic loss. Any otherwise impermissible lines of questioning may be addressed at trial.

Motion 12 seeks to exclude all references that Ramaco made claims against defendants who were granted summary judgment in this matter. To the extent that Ramaco seeks exclusion of argument concerning summary judgment rulings before this remand trial, the motion is **GRANTED**. Inasmuch as Federal suggests that the parties may work through a stipulation regarding the information that the jury will be told concerning the first trial, and that any discussion of any first trial rulings not explicitly agreed to will be barred, [*see* ECF No. 569, at 14–15], the parties are invited to submit a proposed stipulation to that effect.

Motion 13 regarding exclusion of references to SEC disclosure rules and/or Ramaco's compliance with those rules is **GRANTED**, the court noting that it has excluded Dr. Riley's opinion that Ramaco should have disclosed its inability to open the Eight Kay Mine to the SEC as lacking support or analysis. [*See* ECF No. 632, at 14].

Motion 15 seeks to exclude all references to, and evidence of, the compensation of Ramaco's executives, employees, and board members. Federal responds that such evidence is relevant because evidence of Ramaco's testifying executives' compensation is both "proper impeachment evidence to show bias," and it may cast doubt on Ramaco's claim that it could not have opened the Eight Kay Mine in 2019. [ECF No. 569, at 16]. How Ramaco chose to spend its

money instead of finishing the Eight Kay Mine is also relevant to the issue of causation. Accordingly, the motion is **DENIED**.

Motion 16 seeks to exclude all references to Ramaco's participation in the Small Business Administration Paycheck Protection Program. Inasmuch as Ramaco's liquidity position, including monies received outside earnings from its coal sales, is relevant to its *Hayseeds* claims, the motion is **DENIED**.

### Motions in Limine Nos. 17 and 21

Ramaco's Motions in Limine Nos. 17 and 21 regarding Ramaco's available routes of financing and the flexibility of the KeyBank Credit and Security Agreement, respectively, **[ECF Nos. 546, 552],** are **DENIED** as seeking to exclude broad categories of relevant evidence.

### Motion in Limine No. 18

Ramaco's Motion in Limine No. 18 seeking exclusion of any reference, argument, or testimony related to the existence of stressors other than aggravation and inconvenience caused by Federal's delay in payment, **[ECF No. 548],** is **DENIED** inasmuch as such evidence is relevant to the issues of causation and the extent of Ramaco's damages.

### Motion in Limine No. 19

Ramaco's Motion in Limine No. 19 to preclude Federal from referring to Ramaco's continued insurance relationship with Chubb/Federal/ACE American, **[ECF No. 550],** is **DENIED** inasmuch as it is plainly relevant that Ramaco's continued relationship with Federal and its related entities bears on Ramaco's aggravation and inconvenience claim.

Motion in Limine No. 20

Ramaco's Motion in Limine No. 20 to exclude references to or evidence of the MSHA

citation related to the silo collapse, **[ECF No. 551],** which is unopposed by Federal, is

**GRANTED**.

Motion in Limine No. 22

Ramaco's Motion in Limine No. 22, [ECF No. 553], seeks to preclude

any evidence, argument, inference, and testimony concerning Massey Energy Co. ("Massey"); the 2010 Upper Big Branch ("UBB") tragedy; witnesses' or employees' past employment with Massey; any criminal or civil lawsuits or investigations, citations, violations, fines, or penalties resulting from that tragedy; and the involvement of counsel in any such litigation or citations.

[ECF No. 553, at 1]. Ramaco argues that (1) evidence of its employees' and witnesses' prior

employment with Massey is inadmissible character evidence under Rule 404(b); (2) Massey and

the UBB tragedy are irrelevant to this matter and evidence of the kind described above would be

substantially prejudicial to Ramaco under Rules 401, 402, and 403; and (3) allegations or claims

about litigation, investigations, or citations against or involving Massey or the UBB tragedy

constitute inadmissible hearsay in this matter. *Id.* at 2–5.

The court previously granted a similar version of this motion, which sought "to preclude . . . any evidence, argument, and/or testimony . . . concerning Michael Bauersachs's and Chris

Blanchard's previous employment and association with Massey Energy Co. and the previous

criminal and civil lawsuits resulting from the tragedy at the Upper Big Branch mine in 2010." [*See* ECF Nos. 209, 370].

Federal partially opposes the motion on the basis that it should not be precluded from

inquiring into Ramaco witness Christopher Blanchard's prior employment as it relates to his expert

5

testimony. [*See* ECF No. 566]. Federal states that it has not noticed any of the matters relating to Massey and/or the Upper Big Branch tragedy as 404(b) evidence, nor does it intend to introduce those issues in this retrial. *Id.* at 1. However, Federal notes that Ramaco put forward Mr. Blanchard as an expert witness in support of its claimed net economic loss damages, based largely on Mr. Blanchard's status as a "twenty-nine-year veteran of the coal industry" and "his education, knowledge, experience, duties, and responsibilities." *Id.* at 1–2. Accordingly, Federal argues that the nature of his past employment is relevant to his qualifications as an expert under Federal Rule of Evidence 702. Federal clarifies that it will be mindful of limiting the scope of inquiry, and should circumstances otherwise justify discussion of the Massey and Upper Big Branch matters, Federal agrees to approach the bench prior to exploring such topics.

Ramaco has put Mr. Blanchard forward as an expert witness based on his experience in the coal industry, which may necessarily include his experience at Massey. In view of the parties' arguments above, Ramaco's Motion in Limine No. 22, **[ECF No. 553],** is generally **GRANTED** but **DENIED** insofar as it may relate to the experience and qualifications of Ramaco witness Christopher Blanchard as a prior employee of Massey at the time of the Upper Big Branch tragedy, to be determined at trial.

## Motion in Limine No. 23

Ramaco's Motion in Limine No. 23, [ECF No. 554], seeks an order listing the following findings as part of the "law of the case" based on findings from the first jury trial, the Fourth Circuit's opinion at *Ramaco Res., LLC. v. Fed. Ins. Co.*, 74 F.4th 255 (4th Cir. 2023), and this court's Memorandum Opinion and Order dated August 19, 2024 (ECF No. 442):

- Defendants wrongfully denied Ramaco's insurance claim for the silo collapse in January 2019 and again in August 2019[;]

6

- Ramaco's period of restoration has been extended until March 2019[;]
- Defendants owed Ramaco $7.12 million in contract damages, which Defendants did not pay until October 2, 2023[;]
- Ramaco substantially prevailed in its suit against its insurer and is entitled to *Hayseeds* damages[;]
- Under *Hayseeds*, Ramaco is entitled to recover "aggravation and inconvenience" damages related to Defendants' delay in settling Ramaco's claim[; and]
- Pursuant to this Court's Orders (ECF No. 442, 538), Ramaco is entitled to recover its net economic loss related to Defendants' delay in settling Ramaco's claim for the period from July 15, 2021, when the first trial ended, until October 2, 2023, when Defendants paid the amount due under the policy plus pre- and post-judgment interest.

[ECF No. 554, at 2–3].

Federal generally opposes the motion on the grounds that it is an improper vehicle through which to enforce these findings, and that the suggested findings, as written, would be "highly prejudicial" to Federal if presented to a jury. [ECF No. 567, at 1]. Federal requests the court deny or reserve judgment on the motion and suggests that the court and the parties jointly determine how the jury should be informed of these findings, if at all. *See id.*

More specifically, Federal takes issue with three of Ramaco's proposed "established findings." First, Federal objects to the court making the "established finding" that "Ramaco's period of restoration has been extended until March 2019." *Id.* It contends such a finding is confusing because the period of restoration "is a coverage issue that has no relevance" to the *Hayseeds* retrial. *Id.* Second, Federal opposes presenting to the jury the "established finding" that "Ramaco substantially prevailed in its suit against its insurer and is entitled to *Hayseeds* damages." It argues that the amount of *Hayseeds* damages to which Ramaco is entitled "will be heavily disputed at trial," and that the finding that Ramaco substantially prevailed "could be easily misconstrued by the Jury to imply that Ramaco is entitled to a significant award of *Hayseeds*

damages." *Id.* at 1–2. Third, Federal contends the "established finding" that "[u]nder *Hayseeds*, Ramaco is entitled to recover 'aggravation and inconvenience' damages related to [Federal's] delay in settling Ramaco's claim" is prejudicial because (1) "neither the Court nor the Fourth Circuit has determined that Ramaco is entitled to any particular amount of aggravation and inconvenience damages," (2) the court vacated the prior jury's award, and (3) it is "heavily disputed what, if any, aggravation and inconvenience Ramaco suffered." *Id.* at 2.

Inasmuch as Federal appears concerned with jury confusion and/or prejudice regarding the specific amount of *Hayseeds* damages to which Ramaco may be entitled, Ramaco notes that it has not provided specific sums regarding the damages findings. [*See* ECF No. 607, at 2–3]. To the extent that Federal suggests Ramaco is not entitled to *Hayseeds* damages at all, Ramaco opposes such suggestion as "mistaken" and "wrong." *See id.* at 3. As to the period of restoration, Ramaco argues that "it is appropriate to include it in a summary of the law that will be applied at trial." *Id.* at 4. Nevertheless, Ramaco defers to the court to explain the law of the case to the jury "as appropriate." *Id.*

The court **DENIES** the motion, **[ECF No. 554]**, at this juncture and defers consideration of its subject matter to the pretrial conference order to be presented by the parties and the proposed instructions to the jury.

Motion in Limine No. 24

Ramaco's Motion in Limine No. 24, [ECF No. 555], seeks to exclude as irrelevant and prejudicial any references to Ramaco's Brook Mine property in Wyoming, "including but not limited to references to rare earth elements and critical mineral deposits in Wyoming and evidence of Ramaco's involvement with the Department of Energy, the DoE National Energy Technology

8

Laboratory, Fluor Corporation," or related third parties. [ECF No. 555, at 2]. Specifically, Ramaco asserts that the Brook Mine "is not currently involved in active mining, nor was it during the relevant time periods" for calculating *Hayseeds* damages in this matter. *Id.* at 1. Ramaco further contends operations at the Brook Mine are irrelevant because any products sold from the Brook Mine would be placed into a different market than coal from the Elk Creek Complex (including coal from the Eight Kay Mine) and other operational issues of the Brook Mine (such as labor, processing, and transportation) would be different than those at the Elk Creek Complex. *See id.*

Federal opposes the motion, asserting that Ramaco's discovery of magnetic rare earth element deposits at the Brook Mine property in May of 2023 is relevant because the value of those assets—estimated by a journalist in a Wall Street Journal article of November 9, 2023, at $37 billion—"impacts the plausible degree of aggravation, annoyance, and inconvenience that an ~$7 million insurance dispute could have reasonably caused the company" during the relevant *Hayseeds* damages period. [ECF No. 568, at 2; *see* ECF No. 568-3]. Federal likewise suggests that Ramaco might have spent the insurance payout on developing the Brook Mine, had Federal paid it sooner.

Ramaco acknowledges that it acquired the Brook Mine in April 2022, during the *Hayseeds* damages period, but maintains that it "hasn't made the first dollar or sale from the Brook Mine" and that the 2022 acquisition alone does not make the mine relevant to an assessment of its *Hayseeds* damages. [ECF No. 605, at 1]. Ramaco further maintains that (1) it does not claim any *Hayseeds* damages related to the Brook Mine; (2) *Hayseeds* jurisprudence provides no support for the notion that an insured's damages from its insurer's wrongful denial of a claim are mitigated by future, unrelated business developments; (3) adopting Federal's position risks undermining the

9

public policy goals advanced by *Hayseeds*; and (4) even assuming that the Brook Mine could have some relevance under *Hayseeds*, such evidence would violate the court's rulings regarding the applicable damages period as well as state and federal evidentiary rules.

The court has determined that Ramaco is entitled to *Hayseeds* damages incurred between July 15, 2021, and October 2, 2023, for net economic loss and aggravation and inconvenience. [ECF No. 442, at 16]. According to its Form 10-K disclosures to the SEC, Ramaco acquired the Brook Mine property in Wyoming in February 2022. [*See* ECF 605-2, at 92]. The acquisition was completed by the end of April 2022. *Id.* In May of 2023, approximately four months before the close of the *Hayseeds* damages period, Ramaco announced the discovery at the Brook Mine of "perhaps the largest unconventional deposits of [rare earth elements] discovered in the United States." [ECF No. 568-2]. At the time of the announcement, Ramaco did not provide an estimate of the value of those deposits. Indeed, it appears that the Brook Mine property underwent ongoing mineral analysis and core drilling assessments on an exploration basis throughout 2022 and 2023. [*See* ECF Nos. 605-2, at 11; 605-3, at 11].

By the end of 2023, Ramaco reported the completion of "[t]hree drillhole programs . . . specifically targeting rare earth elements" within the Brook Mine permit area. [ECF No. 605-3, at 11]. However, it noted that work remained "ongoing to evaluate the potential exploitation" of the minerals found during the drilling programs. *Id.* By the end of the *Hayseeds* damages period, Ramaco had not reported breaking ground at the Brook Mine or otherwise completing a sale or other valuation of the minerals discovered therein. Nevertheless, a news article dated November 9, 2023, suggested that the minerals in the Brook Mine "could be worth around $37 billion." [ECF No. 568-3, at 1]. It is upon this news article alone that Federal bases its argument that evidence

related to the Brook Mine's value is relevant to the *Hayseeds* damages Ramaco incurred during the applicable period.

Inasmuch as the late-rising Brook Mine acquisition was ostensibly subject to ongoing drilling exploration yielding uncertain results during the *Hayseeds* damages period, and the only evidence presented of the mine's value is a journalist's estimate made after the close of such period, the court finds that introduction of such evidence is likely to unfairly prejudice or confuse the jury. Accordingly, Ramaco's Motion in Limine No. 24, [ECF No. 555], is **GRANTED**.

Motion in Limine No. 25

Ramaco's Motion in Limine No. 25 to preclude introduction of, references to, and/or testimony about Ramaco Resources, Inc.'s March 17, 2025 Securities and Exchange Commission Form 10-K, **[ECF No. 583]**, is **DENIED** inasmuch as Ramaco's public SEC disclosures indicating a plan to open the Eight Kay Mine in 2027, as well as any plans by Ramaco to sell the coal mined therefrom, are relevant to determining damages.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      June 10, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

11