**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

RAMACO RESOURCES, LLC,

        Plaintiff,

v.                                                                                CIVIL ACTION NO.   2:19-cv-00703

FEDERAL INSURANCE COMPANY, and
ACE AMERICAN INSURANCE COMPANY,

        Defendants.

**ORDER**

Pending before the court are Defendant Federal Insurance Company's eight motions in limine, five filed May 1, 2025, [ECF Nos. 541, 542-1, 544, 547-1,[1] 556]; two filed May 15, 2025, [ECF Nos. 594, 597]; and one filed June 5, 2025, [ECF No. 624].

For the reasons stated herein, it is **ORDERED** as follows with respect to Federal's motions in limine:

Motion in Limine No. 1

Federal's Motion in Limine No. 1 to Exclude Evidence or Argument Regarding Settlement Discussions, [ECF No. 541], seeks "to preclude evidence or argument regarding the terms and conditions of settlement offers, if any, and/or settlement discussions between" Federal and Ramaco. [ECF No. 541, at 1]. Ramaco purports not to oppose the motion "since it will have no effect on Ramaco's ability to introduce evidence and argument about the conduct and duration of

---

[1] By separate order entered this same date, the court GRANTS Federal's Motion in Limine No. 4 to Exclude Expert Testimony of Seth Schwartz (ECF No. 547-1) for the reasons stated therein.

this litigation," because "[d]efendants have never made an offer to settle Ramaco's *Hayseeds* damages after the conclusion of the first trial." [ECF No. 580, at 1]. Federal maintains that "evidence of settlement conduct—including conduct reflecting the absence of an offer or a refusal to make a demand or offer—is not admissible." [ECF No. 586, at 2–3].

Federal Rule of Evidence 408 prohibits the use of settlement offers or "conduct or a statement made during compromise negotiations about the claim" to "prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). Nevertheless, the court may admit such evidence "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." *Id.* 408(b).

Courts have found that "any evidence regarding settlement negotiations, or lack thereof . . . is inadmissible under Fed R. Evid. 408." *See Hurt v. Vantlin*, 2019 WL 6828153, at *8 (S.D. Ind. Dec. 13, 2019); *see also Jones v. City of Lincoln, Ill.*, 2016 WL 9774505, at *1 (C.D. Ill. Jan. 25, 2016) (granting motion to "bar references to settlement negotiations or a lack thereof" on basis that "[s]uch evidence is not relevant to the case at hand and is inadmissible to prove or disprove the viability or amount of the disputed claim").

Inasmuch as Ramaco purports to not oppose Federal's motion, yet suggests it may seek to admit evidence of failed settlement negotiations and/or conduct including an absence of settlement offers without specifying another purpose for which the court may admit such evidence, the court **GRANTS** Federal's Motion in Limine No. 1. **[ECF No. 541]** and clarifies that inadmissible evidence of settlement discussions includes evidence of failed settlement negotiations and/or the

absence of offers to settle, as distinguished from Federal's failure to pay the claim in an amount as would ultimately be found by the jury.

Motion in Limine No. 2

Federal's Motion in Limine No. 2 to Exclude Evidence or Argument Regarding the Amount of Ramaco's Attorneys' Fees, **[ECF No. 542-1]**, is **GRANTED** inasmuch as attorneys' fees are a separate category of damages under *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73, 74 (W. Va. 1986), and the court will address the attorneys' fees portion of *Hayseeds* damages after the conclusion of litigation on the merits. [*See* ECF No. 442, at 16]. To the extent that Ramaco wishes to introduce argument or testimony regarding its negotiation of a payment plan with counsel, or the payment plan itself, as evidence of its aggravation and inconvenience, it must refrain from referencing specific amounts and redact all amounts and figures from the payment plan.

Motion in Limine No. 3

Federal's Motion in Limine No. 3 to Exclude Evidence or Argument Regarding Reinsurance and/or Defendants' Financial Status, **[ECF No. 544]**, is **GRANTED** as unopposed.

Motion in Limine No. 5

Federal's Motion in Limine No. 5 to Preclude Plaintiff's Disclosed Net Economic Loss Theories, **[ECF No. 556]**, is **GRANTED** as to Ramaco's "Elk Creek Complex" and "Later-Developed Mines" theories.

The motion is **GRANTED** in part as to Ramaco's "Eight Kay Mine" theory and otherwise **DENIED**. That is, while Ramaco is entitled to estimate the net economic loss incurred from its claimed inability to open and operate the Eight Kay Mine in 2019, it must also account for either

3

the value of expected future profits from opening and operating the Eight Kay Mine or the value of that coal in the ground, whichever the court allows.

Motion in Limine No. 6

Federal's Motion in Limine No. 6 to Exclude Late-Disclosed Expert Opinions, [ECF No. 594], seeks to exclude Ramaco witness Christopher Blanchard's "late disclosed expert opinions" given in his May 7, 2025 deposition regarding the value of Ramaco's Eight Kay Mine reserves. [*See* ECF No. 594, at 1]. Specifically, Mr. Blanchard testified for the first time at the May 7 deposition that he "would value reserves in the ground for met coal at between 50 cents and about a dollar per recoverable ton of coal," and that this valuation would "probably [be] closer to a dollar for Eight Kay." *Id.* Initial expert disclosures were due on November 5, 2024, with responsive and rebuttal disclosures due December 5 and 23, 2024, respectively. Discovery closed on April 14, 2025. Federal asserts that Ramaco failed to timely disclose Mr. Blanchard's expert opinion pursuant to Federal Rule of Civil Procedure 26, and that such failure mandates exclusion under Rule 37(c)(1).

Ramaco has put Mr. Blanchard forward as a hybrid, non-retained witness. However, Ramaco responds that Mr. Blanchard's testimony above is not expert testimony, but rather "fact testimony about a factual issue based on Mr. Blanchard's observations of and participation in acquisitions of such reserves." [ECF No. 615, at 1]. Even so, Ramaco maintains that, regardless of whether Mr. Blanchard's statements constitute opinion rather than fact testimony, his testimony is still lay testimony and thus exclusion is unnecessary. [*See* ECF No. 615, at 6]. The entire exchange is as follows:

> Q: Okay. Mr. Blanchard, do you know the value of the Eight Kay reserves in the ground at Elk Creek?

4

A: Typically, the reserves in the ground is when they have the least value. I would value the – any reserves in the ground for met coal at between 50 cents and about a dollar per recoverable ton of coal. Probably closer to a dollar for Eight Kay.

Q: Okay. Can you explain the basis for your opinion on the value of closer to a dollar ton in the ground for the Eight Kay reserves?

A: So, it's based on a variety of factors. Whether those reserves are permitted. Whether they're met coal. Whether they're thermal coal. Whether they're owned or leased.

In the case of Eight Kay, those reserves are permitted, they are met coal, and they were owned, so they have sort of the highest value. But you haven't spent any of the money to mine it yet. So – and that's based on – I don't know 25 years of M&A activity that I've been involved in directly and indirectly in the industry.

The average sort of acquisition cost of reserves of company if you look at purchase price divided by the recoverable reserves that companies purchased. And more germane to Ramaco that's looking at two of our acquisitions that we had done in the same period purchasing the reserves from Ramaco Coal and purchasing the reserves and a prep plant from Coronado which became our – was referred to as Amonate and now is our Berwind division.

Q: And did those acquisitions take place during the allowed period?

A: I believe both of those took place during the allowed period.

Blanchard May 7, 2025 Dep. Tr. at 63:18-65:6.

Inasmuch as Mr. Blanchard's deposition statements regarding the valuation of the Eight Kay Mine coal reserves are based on his first-hand observations and personal knowledge of the acquisition costs and recover rates of both the Eight Kay coal and similar reserves, the court finds such statements constitute admissible lay opinion testimony, and are admissible if the court chooses to do so. Accordingly, the court **DENIES** Federal's Motion in Limine No. 6., **[ECF No. 594].**

5

Motion in Limine No. 7

Federal's Motion in Limine No. 7 to Exclude Evidence and Argument Related to Alleged Aggravation and Inconvenience Damages after October 2, 2023, **[ECF No. 597]**, is **GRANTED** inasmuch as the court has determined that Ramaco is entitled to and limited to pursue "the full scope of *Hayseeds* damages incurred for net economic loss and aggravation and inconvenience damages, if any, between the Jury's . . . verdict on July 15, 2021, and eventual payment on October 2, 2023, as well as aggravation and inconvenience damages prior to July 15, 2021," [ECF No. 442, at 13].

Motion in Limine No. 8

Federal's Motion in Limine No. 8 to Exclude Deposition Designation and Argument Relating to Bad Faith, [ECF No. 624], seeks to preclude Ramaco from introducing "evidence regarding Federal's internal actions and procedures" as an impermissible attempt to insert into the *Hayseeds* damages retrial certain arguments regarding bad faith and the reasonableness of Federal's actions. [ECF No. 624, at 2]. More specifically, Federal argues that permitting Ramaco to introduce such evidence "will lead to an impermissible relitigation of Ramaco's breach of contract claim that was heard and decided by the jury, and open a backdoor into Ramaco's bad faith arguments that were previously rejected by this Court." *Id.* at 1.

Relevant here, Ramaco has designated the deposition testimony of Kurt G. Chapin, Franklin Gonsalves, Steven Magnotta, Michael Nicolaro, Dr. Glenn Paul Rentschler, and Robert Tarpey. Mr. Chapin is Federal's chief technical officer for claims, who oversaw the handling of Ramaco's insurance claim. *Id.* at 8. Mr. Gonsalves is the general adjuster that evaluated and handled Ramaco's claim, including hiring the engineering firm Wiss, Janney, Elstner Associates

6

("WJE") to investigate the cause of Ramaco's silo failure and sending a reservation of rights letter to Ramaco on November 12, 2018. *Id.* at 2, 9. Mr. Magnotta is the executive general adjuster for Federal, who provided technical assistance to Mr. Gonsalves on Ramaco's insurance claim. *Id.* at 11. Mr. Nicolaro is the claims manager who determined the cause of loss in Ramaco's insurance claim. *Id.* Dr. Rentschler, an employee of WJE, is the engineer WJE assigned to investigate the cause of the silo collapse on Federal's behalf. *Id.* at 12. Dr. Rentschler visited the Elk Creek Complex with Mr. Gonsalves on November 14, 2018, to meet with Ramaco's representatives and conduct a site visit. *Id.* at 2. He later prepared a report that determined that corrosion to the welds caused the silo collapse, which WJE issued on January 4, 2019. *See id.* at 3.[2] Dr. Rentschler's report prompted Federal to deny coverage for Ramaco's claim by letter dated January 18, 2019. *Id.* Messrs. Gonsalves and Magnotta, as well as Dr. Rentschler, were also among those present at a meeting with Ramaco representatives on March 28, 2019, to discuss the cause of the silo collapse following Federal's denial of coverage. *Id.* Mr. Tarpey is an insurance underwriter for the mining industry and was Chubb's "Assistant Vice President/energy team leader/U.S. Mining Manager." *Id.* at 14.

Federal asserts that Ramaco's designations of each of the above witness's depositions seek to introduce allegations of bad faith that are not relevant to its *Hayseeds* damages, "and serve no plausible purpose other than to invite an impermissible punitive award" from the jury. *Id.* at 16. It argues that such claims and allegations by Ramaco have already been considered by the jury as

---

[2] Federal notes, correctly, that Ramaco previously and unsuccessfully sought to strike the opinions of Dr. Rentschler and two other WJE engineers under <u>Daubert</u> based on their qualifications and methodology utilized.  *See* ECF No. 206 (moving to strike the opinions of Dr. Rentschler, Mr. Warke and Dr. Altstadt); ECF No. 370, at 3 (denying the motion).

part of the first trial on Ramaco's breach of contract claim, and that the court determined these allegations do not, as a matter of law, rise to the level of bad faith appropriate for presentation during the forthcoming damages phase. *Id.* Federal further contends the designated deposition testimony goes solely to Ramaco's internal decision-making processes and does not relate to Federal's direct interactions with Ramaco nor to matters experienced by Ramaco. *See id.* at 8–9 (as to Mr. Chapin, underwriting and expert hiring processes); 9–10 (as to Mr. Gonsalves, internal claim-handling and expert hiring processes, as well as his own experience with coal claims); 11 (as to Mr. Magnotta, internal claim-handling processes and alleged issues with WJE); 11–12 (as to Mr. Nicolaro, internal expert hiring processes and decision-making procedures); 12–14 (as to Dr. Rentschler, internal expert hiring procedures and perceived bias and inadequacy of WJE's investigation); 14–15 (as to Mr. Tarpey, Chubb's marketing efforts regarding coal-specific coverage, Federal's implementation of a "West Virginia surcharge," and Mr. Tarpey's personal interpretation of the Policy terms).

Ramaco contends the designated deposition testimony—while relevant to its former claim for bad faith—is "highly probative evidence of" its *Hayseeds* damages on remand. [ECF No. 626, at 4–5]. It maintains that these witnesses have

> testified about topics relevant to *Hayseeds*, including: the insurance policy; the Insurance Company's November 12, 2018, reservation of rights letter; Ramaco's request for an advance or partial payment of its claim given its substantial costs related to the silo collapse, which the Insurance Company did not grant; how the Insurance Company handled and investigated Ramaco's claim, including site visits by Insurance Company representatives and their interactions with Ramaco representatives; the individuals that the Insurance Company assigned and retained to investigate and handle the claim, their qualifications, and their experience with and knowledge of (or lack thereof) West Virginia, Ramaco and its business, coal mines, and/or coal silos; the Insurance Company's decision to deny the claim; the fact that Ramaco disputed the claim denial; and the March 2019 meeting between the parties where Ramaco presented information about the cause of the silo collapse

8

> from its executives and outside engineers to the Insurance Company in an effort to convince the Insurance Company that the collapse was covered by the policy.

*Id.* at 5. In addition, Ramaco underscores that Dr. Rentschler—despite his extensive background and experience as a forensic structural engineer—testified that he "had no experience or background in coal mining, coal preparation plants, or coal silos[,]" and that members of his team lacked the same experience. *Id.* at 5–6. Likewise, Ramaco notes that Mr. Gonsalves, Mr. Magnotta, and Mr. Nicolaro, who were involved in the decision to hire Dr. Rentschler, each testified that they lack experience or training handling West Virginia claims. *Id.* at 6–7. Ramaco argues that being forced to deal with inexperienced officials during the claims process "result[ed] in aggravation and inconvenience to Ramaco" that is "plainly relevant under *Hayseeds*." *Id.* at 7. Likewise, Ramaco claims the same as to Mr. Chapin, who, along with Mr. Gonsalves and Mr. Nicolaro, testified regarding his awareness of Ramaco's business interruptions and related costs, as well as Ramaco's denied request for a partial claim payment to cover those costs. *Id.* Ramaco further notes that this testimony was admitted at trial and considered by the jury in their initial award of *Hayseeds* damages. *Id.* at 16.

Federal replies in pertinent part that "the Fourth Circuit, in considering the propriety of the jury's aggravation and inconvenience award, restricted its analysis to only the Day 12 testimony of Christopher Blanchard about the degree of aggravation and inconvenience Ramaco suffered." [ECF No. 627, at 9]. This, it argues, effectively excluded from consideration "the evidence Ramaco now seeks to reintroduce as irrelevant to the aggravation and inconvenience award." *Id.* at 9.

In view of the foregoing argument, the court orders that Federal's Motion in Limine No. 8, **[ECF No. 624]**, be **GRANTED** to the extent that Ramaco's introduction of, and reference to, the designated deposition testimony is limited to demonstrating the aggravation and inconvenience

Ramaco suffered, if any, related to Ramaco's direct interactions with Federal during the claims-handling process. Such evidence is specifically limited to Federal's issuance of the November 12, 2018, reservation of rights letter; Federal's denial of Ramaco's request for an advance or partial payment of its insurance claim; Federal's issuance of the January 18, 2019, letter denying Ramaco's insurance claim and the letters exchanged thereafter on February 1 and 21, 2019, regarding the denial; and any meetings or direct exchanges between Federal and Ramaco (and their representatives) related to the insurance claim, including the March 28, 2019 meeting regarding the silo collapse and related exchanges between the parties' representatives thereafter. Ramaco is otherwise precluded from offering testimony and evidence of the quality of Federal's investigation of the insurance claim and Federal's internal decision-making procedures and deliberative processes.

Insofar as Federal's motion seeks to exclude designated deposition testimony bearing on matters deemed admissible above, **[ECF No. 624],** it is hereby **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      June 11, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

10